---

**BENJAMIN H. BUNTING;**
**NICOLE M. DORCH, and**
**BRIAN KELLEY, on behalf of themselves**
**and all others similarly situated,**

*Plaintiffs,*

*Vs.*

**PHILLIPS LYTLE LLP;**
**AMERICAN TAX FUNDING, LLC;**
**BMO CAPITAL MARKETS CORP. (F/K/A**
**HARRIS NESBITT CORP.);**
**WELLS FARGO FOOTHILL, INC.,**

*Defendants*

Case No. 5:11-CV-123
(TJM/DEP)

**CLASS ACTION**
**COMPLAINT**

*Jury Trial Demanded*

---

BENJAMIN H. BUNTING, NICOLE M. DORCH, and BRIAN KELLEY, the Plaintiffs in this

action, by and through their attorneys, Legal Services of Central New York, Inc., on behalf of

themselves and all others similarly situated, complain of the Defendants by alleging and showing

as follows:

**PRELIMINARY STATEMENT**

1.       American Tax Funding, LLC, together with BMO Capital Markets Cor. and Wells Fargo

Foothill, Inc., are in the business of purchasing Tax Lien Certificates by contracting with various

municipalities throughout this District, including the City of Syracuse.  Upon obtaining these

certificates, these defendants set about their business of foreclosing on the subject properties by

utilizing the services of several law firms including defendant Phillips Lytle LLP.  Together, these

defendants use the New York State Court System along with the Federal Fair Debt Collection

Practices Act in a way which confuses the homeowners whom they seek to foreclose on, leaving

many unable to defend their homes, themselves and their families.

2.     Currently, there are approximately 150 active (meaning a Request for Judicial Intervention has been filed) foreclosure cases in Onondaga County that have been commenced by American Tax Funding, LLC., based on Tax Lien Certificates purchased or otherwise obtained from the City of Syracuse, that are in various stages of foreclosure. Of these active cases, approximately 72 currently list attorneys from defendant Phillips Lytle LLP as the attorneys of record for American Tax Funding. There are likely numerous other tax foreclosure cases in the City of Syracuse involving Phillips Lytle that are in the beginning stages and not included in these figures.

3.     The methods and practices employed by the defendants ultimately cause people to lose their homes over what amounts to a lien of only a few thousand dollars in some cases. Many of these homeowners own their homes free of any mortgages and the actions of the defendants ultimately strip them of any equity that they may have. Many are already the victims of an economy that has ransacked the City of Syracuse. This action is aimed at addressing the methods utilized by the defendants and leaving these homeowners with something; be it pride in standing up for what is right, compensation for their injuries, or comfort in the knowledge that these defendants will not be allowed to utilize these methods any longer.


## NATURE OF ACTION

4.     This is an action to enforce the Fair Debt Collection Practice Act (FDCPA) 15 USC §1692 et. seq., and the New York Deceptive Practices Act, McKinney's Gen. Bus. Law §§349 and 349-c.

## JURISDICTION AND VENUE

5.      This Court has federal question jurisdiction pursuant to 15 USC §1692k(d) and 28 USC §1331. This Court has supplemental jurisdiction to decide claims under the New York Deceptive Practices Act pursuant to 28 USC §1367. Declaratory relief is available pursuant to USC §§2201 and 2202.

6.      Venue is proper in this District pursuant to 28 USC §1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this District. Venue is also proper in this District because each of the named Plaintiffs resides in this District, the Defendants conduct business in this District and the injuries to the Plaintiffs occurred in this District.

## CLASS ALLEGATIONS

7.      Plaintiffs bring this action pursuant to Fed. R. Civ. P. 23(b)(2) on behalf of a class defined as:

> All residents of the City of Syracuse, New York who are, or will be defendants (by virtue of their status as record owners of real property) in residential foreclosure proceedings commenced in New York State Supreme Court by American Tax Funding, LLC as plaintiff, where their attorneys of record are Phillips Lytle, to foreclose on Tax Liens pursuant to Tax Lien Certificates which were purchased or otherwise obtained by American Tax Funding, LLC, BMO Capital Markets Corp, and/or Wells Fargo Foothill, Inc., from the City of Syracuse, New York. Included within this class is a subclass of

individuals who are over the age of 65 and are "elderly persons"

for purposes of the New York Deceptive Practices Act,

(McKinney's General Business Law §349-c).

8.    This class is so numerous that joinder of all parties is impracticable. Upon information and

belief, the Defendants named herein have purchased or otherwise obtained such Tax Lien

Certificates that effect or could effect hundreds of residential property owners within the City

of Syracuse.

9.    There are numerous questions of fact and law common to the class concerning the

Defendants' customs, policies, patterns and practices that implicate the Fair Debt Collection

Practice Act and the New York Deceptive Practices Act.

10.   The named Plaintiffs' claims are typical of the class in that the Defendants, acting in concert,

have obtained Tax Lien Certificates effecting the real property owned by each of the

Plaintiffs, and currently are foreclosing, or will be foreclosing on the aforesaid Tax Liens.

The acts of the Defendants are knowingly in violation of the Fair Debt Collection Practice

Act and the New York Deceptive Practices Act.

11.   Declaratory and injunctive relief are appropriate with respect to the class as a whole because

the Defendants have knowingly acted on grounds applicable to the class.

12.   The named Plaintiffs and proposed class are represented by Legal Services of Central New

York, Inc., whose attorneys are experienced in class action litigation, including in the

Northern District of New York, and will adequately represent the class.

13.   A class action is superior to other available methods for a fair and efficient adjudication of

this matter in that the prosecution of separate actions by individual class members would

unduly burden this Court and create the potential for conflicting decisions.

**PARTIES**

14. At all relevant times:

   a. Each of the named Plaintiffs is a resident of the City of Syracuse, County of Onondaga, and State of New York, within this District.

   b. Each of the named Plaintiffs is a "consumer" as that term is defined in the FDCPA, as each is a natural person who allegedly owes a debt to another.

   c. Plaintiff BENJAMIN H. BUNTING is an elderly person as defined in NY Gen. Bus. Law §349-c, as he is over the age of 65.

   d. Upon information and belief, there are numerous other potential plaintiffs who are similarly situated to the named Plaintiffs.

15. Upon information and belief, at all relevant times, the Defendant PHILLIPS LYTLE LLP ("Phillips Lytle"):

   a. is a New York limited liability partnership with a principal place of business at Buffalo, New York and offices in Rochester, New York, Albany, New York, New York City, New York and Jamestown, New York.

   b. is a "debt collector" as that term is defined in the FDCPA.

   c. is in the business of collecting consumer debt for others by use of the mail, telephone, internet, and the Courts of the State of New York and other means of interstate commerce.

   d. at all times acted under and at the direction of Defendant AMERICAN TAX FUNDING, LLC.

16. Upon information and belief, at all relevant times, the Defendant AMERICAN TAX FUNDING, LLC ("ATF"):

   a. is a Florida Limited Liability Company authorized to do business in New York State with a principal place of business at Jupiter, Florida.

   b. is a "debt collector" as that term is defined in the FDCPA.

   c. is in the business of buying then collecting defaulted debt for itself and others by use of mail, telephone, internet, and the Courts of the State of New York, and other means of interstate commerce.

   d. at all times supervised or directed or acquiesced in the actions of Defendants Phillips Lytle, BMO Capital Markets Corp., and Wells Fargo Foothill, Inc..

17. Upon information and belief, at all relevant times, the Defendant BMO CAPITAL MARKETS CORP. (F/K/A HARRIS NESBITT CORP.):

   a. is a Delaware business corporation authorized to do business in New York State, with principal offices in New York, New York,

   b. is a "debt collector" as that term is defined in the FDCPA.

   c. is in the business of corporate lending, securitization, public and private debt and equity underwriting.

   d. at all times acted under and at the direction of, or acquiesced in the actions of Defendant ATF.

18. Upon information and belief, at all relevant times, the Defendant WELLS FARGO FOOTHILL, INC.:

   a. is a California business Corporation authorized to do business in New York State

with principal offices in Santa Monica, California..

b.     is a "debt collector" as that term is defined in the FDCPA.

c.     is in the business of business and corporate financing.

d.     at all times acted under and at the direction of, or acquiesced in the actions of Defendant ATF.

## FACTUAL ALLEGATIONS COMMON TO THE PLAINTIFF CLASS

19.     Defendant ATF, together with Defendants BMO Capital Markets Corp. and Wells Fargo Foothill, Inc., have a custom, policy, pattern and practice of financing the purchaser of, purchasing or otherwise obtaining Tax Lien Certificates from various municipalities within New York State, including the City of Syracuse.

20.     Defendants ATF, BMO Capital Markets Corp., and Wells Fargo Foothill, Inc., routinely have Defendant Phillips Lytle sue the property owners whose real property is the subject of the aforesaid Tax Lien Certificates in New York State Supreme Court in Onondaga County, wherein the City of Syracuse lies.

21.     The subject of these lawsuits is an alleged debt which (whether owed by the property owners or not) is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property or services are primarily for personal, family or household purposes, hence a "debt" as that term is defined by the FDCPA and a consumer transaction for purposes of the New York Deceptive Practices Act.

22.     Foreclosure proceedings against the class plaintiffs herein are typically commenced by defendant Phillips Lytle by serving a summons and complaint upon them.

23.     The Summons and Complaint is typically the first that class plaintiffs know of the lawsuit

against them and is typically the first correspondence that the class plaintiffs have had from Defendant Phillips Lytle.

24. The Summons states in pertinent part "YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer on the plaintiff's attorney(s) within 30 days after the service of this summons."

25. Contrary to the summons, a defendant personally served would only have 20 days to answer the summons and complaint, not 30 days. (*See McKinney's CPLR §320(a), incorporated by reference and of which we ask the Court to take notice*).

26. Typically attached to the summons and complaint is a sheet captioned "NOTICE REQUIRED BY THE FAIR DEBT COLLECTION PRACTICES ACT (the Act), 15 USC SECTION 1601, AS AMENDED" (referred to hereinafter as "Notice"), by which the alleged debtor has 30 days to dispute the validity of the alleged debt by indicating so, in writing, to the alleged creditor's attorney. A copy of the Notice is attached hereto as Exhibit "A" and made a part hereof.

27. Upon reading the summons and complaint and then the Notice, class plaintiffs become confused as to what they should do, as well as anxious, upset, and embarrassed.

## FACTUAL ALLEGATIONS OF INDIVIDUAL NAMED PLAINTIFFS

### A. Plaintiff BENJAMIN H. BUNTING

28. Plaintiff Benjamin H. Bunting is 71 years old, a Marine Corps Veteran, and lives by himself in an apartment at property that he and his family have owned for many years in the City of Syracuse, New York. The property consists of three upstairs apartments, (one of which is occupied by Mr. Bunting; two of which are rented to tenants) together with a commercial

space in the first floor that houses the "Tippin' Inn", one of the oldest minority owned businesses in the City of Syracuse.

29. Mr. Bunting's income is completely derived from his monthly Social Security Retirement and monthly rental income from the apartments at his property.

30. Mr. Bunting was personally served with a summons and complaint with the attached Notice on November 12, 2010 by Defendant Phillips Lytle on behalf of Defendant ATF to foreclose on a Tax Lien Certificate that effects his property. A copy of the summons and complaint naming Mr. Bunting as a defendant is attached hereto as Exhibit "B" and made a part hereof.

31. Upon reading the summons and complaint, and then the Notice that was served therewith, Mr. Bunting became confused as to what he should do, anxious, upset and embarrassed.

32. As a result, Mr. Bunting had to seek legal representation to defend himself from this foreclosure action.

### B. Plaintiff NICOLE M. DORCH

33. Plaintiff NICOLE M. DORCH is a 33 year old single mother of 5 children who owns her home free of any mortgage.

34. Ms. Dorch's sole means of living is through monthly Public Assistance payments and Food Stamps with which she must provide for her children and herself.

35. Ms. Dorch was personally served with a summons and complaint with the attached Notice on or about November 15, 2010 by Defendant Phillips Lytle on behalf of Defendant ATF to foreclose on a Tax Lien Certificate that effects her property. A copy of the summons and complaint naming Ms. Dorch as a defendant is attached hereto as Exhibit "C" and made a part hereof.

36. Upon reading the summons and complaint, and then the Notice that was served therewith, Ms. Dorch became confused as to what she should do, anxious, upset and embarrassed.

37. Ms. Dorch contacted Mr. Thom Dellwo of Cooperative Federal Credit Union in Syracuse, New York to explore the possibility of borrowing against the equity in her home to repay the alleged debt of $3,643.85 that Defendants ATF and Phillips Lytle claim she owes.

38. Mr. Dellwo, together with Ms. Dorch contacted Defendant ATF to see about the possibility of entering into a repayment agreement and inquiring as to the need to file an answer in this matter. They were told that ATF does not enter into repayment agreements where the amount due was less than $5,000.00, and that they should contact Defendant Phillips Lytle regarding whether they needed to file an answer, which they did.

39. Defendant Phillips Lytle informed Mr. Dellwo and Ms. Dorch that it would probably be advisable to consult an attorney to prepare and file an answer. The affidavit of Thom Dellwo is attached hereto as Exhibit "D" and is made a part hereof.

40.. As a result, Ms. Dorch had to seek legal representation to defend herself from this foreclosure action.

### C. Plaintiff BRIAN KELLEY

41. Plaintiff BRIAN KELLEY is a 48 year old, unemployed male.

42. Mr. Kelley was personally served with a summons and complaint with the attached Notice on or about March 25, 2010 by Defendant Phillips Lytle on behalf of Defendant ATF to foreclose on a Tax Lien Certificate that effects his property. A copy of the summons and complaint naming Mr. Kelley as a defendant is attached hereto as Exhibit "E" and made a part hereof.

43. At the time the aforesaid lawsuit was commenced, Mr. Kelley's sole source of income was unemployment benefits of approximately $180.00 per week. Mr. Kelley was not in a position to enter into any sort of repayment agreement with the Defendants to repay the alleged $6,530.10 debt being claimed by the Defendants.

44. Upon reading the summons and complaint, and then the Notice that was served therewith, Mr. Kelley became confused as to what he should do, anxious, upset and embarrassed.

45. As a result, Mr. Kelley had to seek legal representation to defend himself from this foreclosure action.

## CAUSES OF ACTION

## COUNT 1

### *(Violation of the Fair Debt Collection Practices Act)*

46. The Plaintiffs repeat and reallege the allegations of the preceding paragraphs.

47. Defendants' act of serving a summons and complaint together with a 15 USC §1692g notice violates the FDCPA because:

   a. The obligation to answer a summons in Court is distinct from the right to seek validation of an alleged debt from a collector, and

   b. neither the summons and complaint nor the Notice explained to the consumer that the lawsuit does not in any way alter the information contained in the validation notice, in a manner that could be understood by a layperson;

   c. the summons and Notice, when read together, mislead, unfairly and unconscionably confuse, and deceive the consumer as to his or her rights, and overshadows their rights to validation, in violation of 15 USC §§1692e, 1692e(2)(A), 1692e(8),

1692e(10), 1692f, and 15 USC §1692g(b).

## COUNT 2

### *(Violation of the Fair Debt Collection Practices Act)*

48.    The Plaintiffs repeat and reallege the allegations in the preceding paragraphs.

49.    Defendants' act of stating in the summons that plaintiffs had 30 days to answer the complaint, when the law in New York State only provides 20 days to answer a complaint where personal service is effected, is false, deceptive, misleading and unfair, in violation of 15 USC §§ 1692e, 1692e(10), and 1692f..

## COUNT 3

### *(Violation of the Fair Debt Collection Practices Act)*

50.    The Plaintiffs repeat and reallege the allegations in the preceding paragraphs.

51.    Courts in New York have routinely held that once a Tax Lien Certificate is purchased by a municipality, the property owner is no longer personally liable for the unpaid taxes that are the subject thereof.  See City of Buffalo vs. Cargill Incorporated, 55 A.D.2d 61; 389 N.Y.S.2d 932, (4th Dept., 1976).

52.    Defendants' act of mischaracterizing the subject tax liens as consumer debts by virtue of the issuance of the FDCPA Notice together with the summons and complaint is false, deceptive, misleading and unfair in violation of 15 USC §§ 1692e(2)(A) and 1692e(10).

## COUNT 4

### *(Violation of the New York General Business Law §349 -Deceptive Practices Act)*

53.    The Plaintiffs repeat and reallege the allegations in the preceding paragraphs.

54.    New York General Business Law §349 specifically provides that "(a) deceptive acts or

practices in the conduct of any business, trade or commerce, or in the furnishing of any service in this State are hereby declared unlawful".

55. New York General Business Law §349(h) specifically provides for a private right of action for violations of this article.

56. New York General Business Law §349-c provides for additional civil penalties for consumer frauds against elderly persons as such persons are defined in that article.

57. The acts of the Defendants as stated herein are directed at consumers, including elderly consumers, are false and misleading in a material way, and the Plaintiffs herein have been injured as a result of Defendants' conduct.

58. Upon information and belief, the acts of the Defendants as alleged in the foregoing counts were frequent, intentional, and persistent.

59. As a result, the Plaintiffs have been damaged.

## DEMAND FOR TRIAL BY JURY

60. A trial by jury on all issues is hereby respectfully requested.

**WHEREFORE,** the plaintiffs respectfully ask the Court for Judgment:

a. declaring Defendants' actions in violation of the FDCPA;

b. declaring Defendants' actions in violation of New York General Business Law §§ 349 and 349-c;

c. awarding Plaintiffs actual damages;

d. awarding Plaintiffs statutory damages pursuant to 15 USC 1692k;

e. awarding Plaintiffs statutory damages pursuant to New York General Business Law § 349(h);

f.  ordering restitution and/or additional civil penalties against the Defendants pursuant to New York General Business Law §349-c(2);

g.  awarding Plaintiffs costs and disbursements of this action, and reasonable attorneys' fees (pursuant to 15 USC 1692k and NY Gen. Bus. Law §349(h));

h.  any such other and further relief as to this Court finds just and proper.

DATED: February 3, 2011

Kenneth B. Ehresman, Esq.
**LEGAL SERVICES OF CENTRAL NEW YORK, INC.**
*Attorneys for the Plaintiffs*
472 South Salina Street
Suite 300
Syracuse, New York 13202
Email: kehresman@wnylc.com
Phone: 315-703-6500
Fax: 315-475-2706

**VERIFICATION**

State of New York    )
County of Onondaga  ) ss.:

BENJAMIN H. BUNTING, being duly sworn, deposes and says that: I am a Plaintiff in this action, I have read the complaint, and the factual allegations contained in the complaint as they relate to me are true to my personal knowledge except those based upon information and belief, and as to those I believe them to be true.

                                        BENJAMIN H. BUNTING

Sworn to before me this
_____ day of JANUARY, 2011.

_____
Notary Public

KENNETH B. EHRESMAN
Notary Public • State of New York
Onondaga County, No. 02EH6143404
My Commission Expires April 17, 20_14_

# VERIFICATION

State of New York    )
County of Onondaga  ) ss.:

NICOLE M. DORCH, being duly sworn, deposes and says that: I am a Plaintiff in this action, I have read the complaint, and the factual allegations contained in the complaint as they relate to me are true to my personal knowledge except those based upon information and belief, and as to those I believe them to be true.

_Nicole M. Dorch_
NICOLE M. DORCH

Sworn to before me this
25 day of JANUARY, 2011.

_Kennett B. E__
Notary Public

KENNETH B. EHRESMAN
Notary Public • State of New York
Onondaga County, No. 02EH6143104
My Commission Expires April 17, 20 14

# VERIFICATION

State of New York    )
County of Onondaga  ) ss.:


BRIAN KELLEY, being duly sworn, deposes and says that: I am a Plaintiff in this action, I have read the complaint, and the factual allegations contained in the complaint as they relate to me are true to my personal knowledge except those based upon information and belief, and as to those I believe them to be true.

_Brian Kelley_
BRIAN KELLEY

Sworn to before me this
25 day of January, 2011.

Notary Public

# Exhibit "A"

Copy of a Typical Fair Debt Collection Practices Act Notice Utilized by Defendants

## NOTICE REQUIRED BY THE FAIR DEBT
## COLLECTION PRACTICES ACT
## (THE ACT), 15 U.S.C. SECTION 1601 AS AMENDED

1.    THE AMOUNT OF THE DEBT AS OF THE DATE ON THE ATTACHED COMPLAINT IS SET FORTH ON SCHEDULE C OF THIS COMPLAINT. BECAUSE OF INTEREST, ATTORNEYS' FEES AND COSTS AND OTHER CHARGES THAT MAY VARY FROM DAY TO DAY, THE AMOUNT DUE ON THE DATE YOU PAY MAY BE GREATER THAN THE AMOUNT SHOWN ON SCHEDULE C. BEFORE SENDING A CHECK, CONTACT THE CREDITOR IN WRITING OR BY TELEPHONE TO CONFIRM THE EXACT AMOUNT OF THE DEBT THAT WILL BE DUE ON THE DAY YOU PAY THE DEBT. YOU MAY CONTACT THE CREDITOR AMERICAN TAX FUNDING, LLC, P.O. BOX 863517, ORLANDO, FLORIDA 32886 OR BY TELEPHONE AT 888-289-8297.

2.    THE PLAINTIFF AS NAMED IN THE ATTACHED COMPLAINT IS THE CREDITOR TO WHOM THE DEBT IS OWED.

3.    THE DEBT DESCRIBED IN THE COMPLAINT ATTACHED HERETO WILL BE ASSUMED TO BE VALID BY THE CREDITOR'S LAW FIRM, UNLESS THE DEBTOR, WITHIN THIRTY (30) DAYS AFTER THE RECEIPT OF THIS NOTICE, DISPUTES THE VALIDITY OF THE DEBT OR SOME PORTION THEREOF.

4.    IF THE DEBTOR NOTIFIES THE CREDITOR'S LAW FIRM IN WRITING WITHIN THIRTY (30) DAYS OF THE RECEIPT OF THIS NOTICE THAT THE DEBT OR ANY PORTION THEREOF IS DISPUTED, THE CREDITOR'S LAW FIRM WILL OBTAIN A VERIFICATION OF THE DEBT AND A COPY OF THE VERIFICATION WILL BE MAILED TO THE DEBTOR BY THE CREDITOR'S LAW FIRM.

5.    IF THE CREDITOR NAMED AS PLAINTIFF IN THE ATTACHED COMPLAINT IS NOT THE ORIGINAL CREDITOR, AND IF THE DEBTOR MAKES A WRITTEN REQUEST TO THE CREDITOR'S LAW FIRM WITHIN THE THIRTY (30) DAYS FROM THE RECEIPT OF THIS NOTICE, THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR WILL BE MAILED TO THE DEBTOR BY THE CREDITOR'S LAW FIRM.

6.    WE ARE ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

7.    THIS ADVICE PERTAINS TO YOUR DEALINGS WITH US AS A DEBT COLLECTOR. IT DOES NOT AFFECT YOUR DEALINGS WITH THE COURT, AND IN PARTICULAR IT DOES NOT CHANGE THE TIME AT WHICH YOU MUST ANSWER THE COMPLAINT. THE SUMMONS IS A COMMAND FROM THE COURT, NOT FROM US, AND YOU MUST FOLLOW ITS INSTRUCTIONS EVEN IF YOU DISPUTE THE VALIDITY OR AMOUNT OF THE DEBT. THE ADVICE IN THIS NOTICE ALSO DOES NOT AFFECT OUR RELATIONS WITH THE COURT. AS LAWYERS, WE MAY FILE PAPERS IN THE SUIT ACCORDING TO THE COURT'S RULES AND THE JUDGE'S INSTRUCTIONS.

# Exhibit "B"

**Copy of Foreclosure Summons and Complaint Filed by Defendants Against Named Plaintiff Benjamin H. Bunting**

STATE OF NEW YORK
SUPREME COURT          ONONDAGA COUNTY

---

AMERICAN TAX FUNDING, LLC,

**SUMMONS**

                   Plaintiff,

Date Filed: 11-8-10

        vs.

Index No. 2010- 6482

BENJAMIN H. BUNTING;
The heirs-at-law, next of kin, distributees, executors,
administrators, assignees, lienors, creditors, successors-in-
interest and generally all persons having or claiming under, by or
through HAZEL T. MOORE, by purchase, inheritance, lien or
otherwise of any right, title or interest in and to the premises
described in the complaint herein, and all creditors thereof, and
the respective husbands, or widowers of hers, if any, all of whose
names and addresses are unknown to Plaintiff;
JPMORGAN CHASE BANK, NATIONAL ASSOCIATION,
F/K/A JPMORGAN CHASE BANK F/K/A THE CHASE
MANHATTAN BANK;
SECNY FEDERAL CREDIT UNION F/K/A SCHOOL
EMPLOYEES OF CNY FEDERAL CREDIT UNION;
THE CITY OF SYRACUSE;
SYRACUSE URBAN RENEWAL AGENCY
and "JOHN DOE #1" THROUGH "JOHN DOE #100" ",

                   Defendants.

---

TO THE ABOVE NAMED DEFENDANTS:

     YOU ARE HEREBY SUMMONED to answer the Complaint in this action, and to serve a copy of your Answer, or, if the Complaint is not served with this Summons, to serve a Notice of Appearance on the plaintiff's attorneys within thirty (30) days after the service of this Summons, exclusive of the day of service. The United States of America, if designated as a defendant in this action, may answer or appear within sixty (60) days of service hereof. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

Plaintiff designates Onondaga County as the place of trial. Venue is based upon the County in which the property being foreclosed upon is situate.

## NOTICE

### YOU ARE IN DANGER OF LOSING YOUR HOME

**If you do not respond to this summons and complaint by serving a copy of the answer on the attorney for the company who filed this foreclosure proceeding against you and filing the answer with the court, a default judgment may be entered and you can lose your home.**

**Speak to an attorney or go to the court where your case is pending for further information on how to answer the summons and protect your property.**

**Sending a payment will not stop this foreclosure.**

**YOU MUST RESPOND BY SERVING A COPY OF THE ANSWER ON THE ATTORNEY FOR THE PLAINTIFF AND FILING THE ANSWER WITH THE COURT.**

Dated: November 4 2010

_____

Richard J. Evans, Jr.
PHILLIPS LYTLE LLP
Attorneys for Plaintiff
American Tax Funding, LLC
1400 First Federal Plaza
Rochester, NY 14614
Tel. No. (585) 758-2110

# HELP FOR HOMEOWNERS IN FORECLOSURE

NEW YORK STATE LAW REQUIRES THAT WE SEND YOU THIS
NOTICE ABOUT THE FORECLOSURE PROCESS. PLEASE READ
IT CAREFULLY.

## Summons and Complaint

You are in danger of losing your home. If you fail
to respond to the summons and complaint in this
foreclosure action, you may lose your home. Please
read the summons and complaint carefully. You
should immediately contact an attorney or your
local legal aid office to obtain advice on how to
protect yourself.

## Sources of Information and Assistance.

The State encourages you to become informed about
your options in foreclosure. In addition to seeking
assistance from an attorney or legal aid office,
there are government agencies, and non-profit
organizations that you may contact for information
about possible options, including trying to work
with your lender during this process.

To locate an entity near you, you may call the
toll-free helpline maintained by the New York State
Banking Department at 1-877-BANK-NYS (1-877-226-
5697)or visit the Department's website at
http://www.banking.state.ny.us.

## Foreclosure Rescue Scams

Be careful of people who approach you with offers
to "save" your home. There are individuals who
watch for notices of foreclosure actions in order
to unfairly profit from a homeowner's distress. You
should be extremely careful about any such promises
and any suggestions that you pay them a fee or sign
over your deed. State law requires anyone offering
such services for profit to enter into a contract
which fully describes the services they will
perform and fees they will charge, and which
prohibits them from taking any money from you until
they have completed all such promised services.

## NOTICE REQUIRED BY THE FAIR DEBT
## COLLECTION PRACTICES ACT
## (THE ACT), 15 U.S.C. SECTION 1601 AS AMENDED

1.     THE AMOUNT OF THE DEBT AS OF THE DATE ON THE ATTACHED COMPLAINT IS SET FORTH ON SCHEDULE C OF THIS COMPLAINT. BECAUSE OF INTEREST, ATTORNEYS' FEES AND COSTS AND OTHER CHARGES THAT MAY VARY FROM DAY TO DAY, THE AMOUNT DUE ON THE DATE YOU PAY MAY BE GREATER THAN THE AMOUNT SHOWN ON SCHEDULE C.  BEFORE SENDING A CHECK, CONTACT THE CREDITOR IN WRITING OR BY TELEPHONE TO CONFIRM THE EXACT AMOUNT OF THE DEBT THAT WILL BE DUE ON THE DAY YOU PAY THE DEBT. YOU MAY CONTACT THE CREDITOR AMERICAN TAX FUNDING, LLC, P.O. BOX 863517, ORLANDO, FLORIDA 32886 OR BY TELEPHONE AT 888-289-8297.

2.     THE PLAINTIFF AS NAMED IN THE ATTACHED COMPLAINT IS THE CREDITOR TO WHOM THE DEBT IS OWED.

3.     THE DEBT DESCRIBED IN THE COMPLAINT ATTACHED HERETO WILL BE ASSUMED TO BE VALID BY THE CREDITOR'S LAW FIRM, UNLESS THE DEBTOR, WITHIN THIRTY (30) DAYS AFTER THE RECEIPT OF THIS NOTICE, DISPUTES THE VALIDITY OF THE DEBT OR SOME PORTION THEREOF.

4.     IF THE DEBTOR NOTIFIES THE CREDITOR'S LAW FIRM IN WRITING WITHIN THIRTY (30) DAYS OF THE RECEIPT OF THIS NOTICE THAT THE DEBT OR ANY PORTION THEREOF IS DISPUTED, THE CREDITOR'S LAW FIRM WILL OBTAIN A VERIFICATION OF THE DEBT AND A COPY OF THE VERIFICATION WILL BE MAILED TO THE DEBTOR BY THE CREDITOR'S LAW FIRM.

5.     IF THE CREDITOR NAMED AS PLAINTIFF IN THE ATTACHED COMPLAINT IS NOT THE ORIGINAL CREDITOR, AND IF THE DEBTOR MAKES A WRITTEN REQUEST TO THE CREDITOR'S LAW FIRM WITHIN THE THIRTY (30) DAYS FROM THE RECEIPT OF THIS NOTICE, THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR WILL BE MAILED TO THE DEBTOR BY THE CREDITOR'S LAW FIRM.

6.     WE ARE ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

7.     THIS ADVICE PERTAINS TO YOUR DEALINGS WITH US AS A DEBT COLLECTOR. IT DOES NOT AFFECT YOUR DEALINGS WITH THE COURT, AND IN PARTICULAR IT DOES NOT CHANGE THE TIME AT WHICH YOU MUST ANSWER THE COMPLAINT. THE SUMMONS IS A COMMAND FROM THE COURT, NOT FROM US, AND YOU MUST FOLLOW ITS INSTRUCTIONS EVEN IF YOU DISPUTE THE VALIDITY OR AMOUNT OF THE DEBT. THE ADVICE IN THIS NOTICE ALSO DOES NOT AFFECT OUR RELATIONS WITH THE COURT. AS LAWYERS, WE MAY FILE PAPERS IN THE SUIT ACCORDING TO THE COURT'S RULES AND THE JUDGE'S INSTRUCTIONS.

STATE OF NEW YORK
SUPREME COURT          ONONDAGA COUNTY

---

AMERICAN TAX FUNDING, LLC,

**COMPLAINT**

Plaintiff,

Date Filed: 11-8-10

vs.

Index No. 2010-6482

BENJAMIN H. BUNTING;
The heirs-at-law, next of kin, distributees, executors,
administrators, assignees, lienors, creditors, successors-in-
interest and generally all persons having or claiming under, by or
through HAZEL T. MOORE, by purchase, inheritance, lien or
otherwise of any right, title or interest in and to the premises
described in the complaint herein, and all creditors thereof, and
the respective husbands, or widowers of hers, if any, all of whose
names and addresses are unknown to Plaintiff;
JPMORGAN CHASE BANK, NATIONAL ASSOCIATION,
F/K/A JPMORGAN CHASE BANK F/K/A THE CHASE
MANHATTAN BANK;
SECNY FEDERAL CREDIT UNION F/K/A SCHOOL
EMPLOYEES OF CNY FEDERAL CREDIT UNION;
THE CITY OF SYRACUSE;
SYRACUSE URBAN RENEWAL AGENCY
and "JOHN DOE #1" THROUGH "JOHN DOE #100" ",

Defendants.

---

Plaintiff, by its attorneys, PHILLIPS LYTLE LLP, complaining of the defendants above-named,
alleges upon information and belief as follows:

1.     Plaintiff, American Tax Funding, LLC, is a Florida limited liability company having an
address at 345 Jupiter Lakes Boulevard, Suite 300, Jupiter, Florida 33458.

2.     Plaintiff is the owner and holder of certain duly levied tax liens (such tax lien or tax liens being collectively referred to as the "Tax Lien"), evidenced by certain tax lien certificates (collectively referred to as the "Tax Lien Certificate"), partial copies of which are attached hereto as Exhibit "A", encumbering that parcel or tract of land situate in the City of Syracuse and State of New York and known as Tax Account No.:093.-05-26.1, said parcel appearing on the tax assessment roll as 227 South Avenue to Tallman Street, City of Syracuse, New York (said premises being hereinafter referred to as the "Property"), said Exhibit "A" being incorporated herein by reference.

3.     The defendants set forth in Schedule "A" hereof are made defendants in this action in the capacities therein alleged and for the purpose of foreclosing and extinguishing all right, title or interest of said defendants in the capacities set forth in Schedule "A" as well as for the purpose of extinguishing any other right, title or interest said defendants may have in the Property.

4.     The United States of America, The People of the State of New York, The State Tax Commissioner of the State of New York, the Industrial Commissioner of the State of New York and all other agencies or instrumentalities of the federal, state or local government (by whatever name designated) if made parties to this action and if appearing in Schedule "B" hereof, are made parties solely by reason of the capacity or material set forth in Schedule "B" and for no other reason.

5.     The defendants herein have, or claim to have, some interest in or lien upon the Property, which interest or lien is, unless specifically stated in Schedule "B", subject and subordinate, to the Tax Lien.

6.     Plaintiff is entitled to foreclose on the Tax Lien pursuant to the Tax Lien Certificate and the City of Syracuse Tax and Assessment Act (Chapter 75 of the Laws of 1906, as amended) (the "Tax and Assessment Act") and the amount justly due and owing to Plaintiff is, upon information and belief, the Tax Lien Balance set forth on Schedule "C" hereof with interest thereon at the rate of 1% per month or

fraction thereof, together with the costs, attorneys' fees, allowances and disbursements for maintaining this action as provided in the Tax and Assessment Act.

7.  The Property should be sold subject to:

(a)  Any state of facts that an inspection of the Property would disclose;

(b)  Any state of facts that an accurate survey of the Property would show;

(c)  Covenants, restrictions, easements and public utility agreements of record, if any;

(d)  Building and zoning ordinances of the municipality in which the Property is located and possible violations of the same;

(e)  Any rights of tenants or persons in possession of the subject Property not named in this action;

(f)  Any equity of redemption of the United States of America to redeem the Property within 120 days from date of sale;

(g)  Liens relating to the Property arising from the operation of any applicable federal law or from certain New York State environmental laws which have statutory priority or which may have attached and been perfected prior to the date of the Certificate;

(h)  All taxes, assessments and municipal charges levied by any village;

(i)  All unpaid and/or delinquent water charges or liens, pure water charges or liens and utility charges or liens;

(j)  Any other prior liens or encumbrances imposed by operation of law, including, without limitation, all taxes and other legal charges of all tax districts which accrued subsequent to the most recent Tax Lien on the Property.

8.  In the event that Plaintiff possesses any other tax lien or other lien(s) against said Property either by way of judgment, junior mortgage or otherwise, Plaintiff requests that such other lien(s) shall not be merged in Plaintiff's cause of action set forth in this complaint, but that Plaintiff shall be permitted to enforce said other lien(s) and/or seek determination of priority thereof in any independent action(s) or proceeding(s).

9.  No other action or proceeding is now pending at law or otherwise for the foreclosure of said Tax Lien or for recovery of the said sum due or any part thereof.

WHEREFORE, plaintiff demands judgment against defendants as follows:

(a)  That the Court determine and enforce in all respects the priorities, rights, claims and demands of the several parties to this action, including the priorities, rights, claims and demands of the defendants as between themselves and that each and all of the defendants in this action having an interest subordinate and inferior to the Tax Lien, and all persons claiming by, through or under any of them subsequent to the commencement of this action and the filing of the notice of pendency herein may be forever barred and foreclosed of and from all estate, right, title, interest, claim, lien and equity of redemption of, in and to the Property and each and every part and parcel thereof;

(b)  That the Court direct that the Property be sold according to law, subject to the items specified in this Complaint; and further

(c)  That the monies arising from the sale of the Property and property located thereon be brought into Court; and that the Court direct the distribution or other disposition of the proceeds of the sale, except as otherwise provided by law, and that the Plaintiff be paid the amount adjudged to be due on the Tax Lien, with interest to the time of such payment, together with costs, attorneys' fees, allowances and disbursements of this action, and together with the expenses of the sale insofar as the amount of such monies properly applicable thereto will pay the same;

(d)     That Plaintiff be awarded such other, further and different relief as the Court may deem just, proper and equitable.

Dated: November 4 2010
     Rochester, New York

_____
Richard J. Evans, Jr.
PHILLIPS LYTLE LLP
Attorneys for Plaintiff
American Tax Funding, LLC
1400 First Federal Plaza
Rochester, New York 14614
(585) 758-2110

# SCHEDULE A

| DEFENDANT | CAPACITY |
|---|---|
| BENJAMIN H. BUNTING | Owner of record. |
| The heirs-at-law, next of kin, distributees, executors, administrators, assignees, lienors, creditors, successors-in-interest and generally all persons having or claiming under, by or through HAZEL T. MOORE, by purchase, inheritance, lien or otherwise of any right, title or interest in and to the premises described in the complaint herein, and all creditors thereof, and the respective husbands, or widowers of hers, if any, all of whose names and addresses are unknown to Plaintiff | Mortgagee by virtue of the mortgage recorded in Book 4153 of Mortgages, page 237. |
| JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, F/K/A JPMORGAN CHASE BANK F/K/A THE CHASE MANHATTAN BANK | Judgment creditor by virtue of a Onondaga County Supreme Court judgment docketed March 6, 2003 in the amount of $32,501.55 vs. Benjamin Bunting.<br><br>Atty: Adair Kaul Murphy, et al. |
| SECNY FEDERAL CREDIT UNION F/K/A SCHOOL EMPLOYEES OF CNY FEDERAL CREDIT UNION | Judgment creditor by virtue of a Onondaga County Supreme Court judgment docketed July 2, 2004 in the amount of $6,408.03 vs. Benjamin Bunting and Kathy Bunting.<br><br>Atty: Riehlman, Shafer, Shafer. |

## SCHEDULE A CONTINUED

| DEFENDANT | CAPACITY |
|---|---|
| "JOHN DOE #1" THROUGH "JOHN DOE #100" | The names of the last 100 defendants being fictitious, the true names of said defendants being unknown to plaintiff, it being intended to designate fee owners, tenants or occupants of the liened premises and/or persons or parties having or claiming an interest in or lien upon the liened premises, if the aforesaid individual defendants are living, and if any or all of said individual defendants be dead, their heirs at law, next of kin, distributees, executors, administrators, trustees, committees, devisees, legatees, and the assignees, lienors, creditors and successors in interest of them, and generally all persons having or claiming under, by, through, or against the said defendants named as a class, of any right, title or interest in or lien upon the premises described in the complaint herein. |

# CERTIFICATE OF DEATH

**1. NAME — FIRST / MIDDLE / LAST:** Hazel T Moore

**2. SEX:** Female

**3A. DATE OF DEATH (MONTH, DAY, YEAR):**

**4. PLACE OF DEATH — HOSPITAL:** Crouse Irving Memorial Hosp.

**4D. LOCALITY:** CITY OF Syracuse

**4E. COUNTY OF DEATH:** Onon.

**4G. WAS DECEDENT TRANSFERRED FROM ANOTHER INSTITUTION:** NO

**MEDICAL RECORD NO:** 706-11-981

**5. DATE OF BIRTH:**

**6. AGE:**

**7A. CITY AND STATE OF BIRTH (Country if not U.S.A.):** Conway Arkansas

**8. SERVED IN U.S. ARMED FORCES?:** NO

**9. RACE:** Black

**10. HISPANIC ORIGIN?:** NO

**12. SOCIAL SECURITY NUMBER:**

**13. MARITAL STATUS:** MARRIED

**14. SURVIVING SPOUSE:**

**15. USUAL OCCUPATION:** Business Manager

**15B. KIND OF BUSINESS OR INDUSTRY:** Rest and Lounge

**15C. NAME AND LOCALITY OF COMPANY OR FIRM:** Tippin Inn Lounge 1320-4 South Ave Syd N.Y.

**16. RESIDENCE — STATE:** N.Y. / **16B. COUNTY:** Onon.

**16C. LOCALITY:** CITY OF Syracuse N.Y.

**16E. ZIP CODE:** 13204

**16D. STREET AND NUMBER OF RESIDENCE:** 1320 South Ave Syracuse Newyork

**17. NAME OF FATHER — FIRST / MI / LAST:** Benjamin H Bunting

**18. MAIDEN NAME OF MOTHER — FIRST / MI / LAST:** Susan Unknown

**19A. NAME OF INFORMANT:** Fred M Bunting

**19B. MAILING ADDRESS:** 4919 McDonald Rd Syr. New York 13215

**20. METHOD OF DISPOSITION:** Burial / **20A. DATE:** 7 / 1 / 09 / **20B. PLACE OF BURIAL:** Oakwood / **20C. LOCATION:** Syracuse N.Y.

**21. NAME AND ADDRESS OF FUNERAL HOME:** Edward L. Cole 2104 S Salina St Syr N.Y.

**21B. REGISTRATION NUMBER:** 02745

**22A. NAME OF FUNERAL DIRECTOR:** Edward L. Cole / **22B. SIGNATURE OF FUNERAL DIRECTOR:** Edward L Cole

**22C. REGISTRATION NUMBER:** 00957

**23A. SIGNATURE OF REGISTRAR:** James R. Miller mo / **23B. DATE FILED:** June 28 89

**24A. BURIAL OR REMOVAL PERMIT ISSUED BY:** James R. Miller mo / **24B. DATE ISSUED:** June 26 89

---

**ITEMS 25 THROUGH 33 TO BE COMPLETED BY CERTIFYING PHYSICIAN** — OR — **ITEMS 25 THROUGH 33 TO BE COMPLETED BY CORONER OR MEDICAL EXAMINER**

**25. TO THE BEST OF MY KNOWLEDGE, DEATH OCCURRED AT THE TIME DATE AND PLACE AND DUE TO THE CAUSES STATED.** — **SIGNATURE:** / **MONTH DAY YEAR:** 06 27 89

**25B. THE PHYSICIAN ATTENDED THE DECEASED FROM:** 06 15 89 **TO** 06 27 89

**25C. LAST SEEN ALIVE:** 06 27 89

**25D. NAME OF ATTENDING PHYSICIAN:** D. D. Harris / **LICENSE NUMBER:** 095346

**26. NAME AND ADDRESS OF CERTIFIER:** 750 East Adams Street Syracuse N.Y.

**27. MANNER OF DEATH:** NATURAL

CONFIDENTIAL — SEE INSTRUCTION SHEET FOR COMPLETING CAUSE OF DEATH — CONFIDENTIAL

## SCHEDULE B

| **DEFENDANT** | **CAPACITY** |
|---|---|
| THE CITY OF SYRACUSE | To extinguish all rights and interests in the parcel being foreclosed other than those real property tax liens held by the City of Syracuse which, by law, have priority over the most recent Tax Lien being foreclosed herein. |
| SYRACUSE URBAN RENEWAL AGENCY | To extinguish any right, title, claim or interest in the premises being foreclosed as indicated by, or relating to Contract for Sale of Land filed February 9, 1998. |

## **SCHEDULE C**

Tax Lien balance as of October 4, 2010

| Year | | Amount |
|------|--------|------------|
| 1999 | County | $6,554.25 |
| 1999 | City | $8,036.68 |
| 2000 | County | $5,940.16 |
| 2001 | County | $1,516.43 |
| 2001 | City | $1,847.70 |

## VERIFICATION

Richard J. Evans, Jr., the undersigned, an attorney admitted to practice in the courts of New York, duly affirms and says the following statement to be true under the penalties of perjury pursuant to CPLR 2106: He is an associate in the firm of Phillips Lytle LLP the attorneys for plaintiff in this action and that the foregoing Complaint is true to his own knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters he believes it to be true; that the grounds of his belief as to all matters not stated upon his knowledge are correspondence and other writings furnished to him by plaintiff; and that the reason why the verification is not made by plaintiff is that plaintiff resides outside of Monroe County, that being the county in which your affiant maintains an office for the practice of law.

Dated: _November 4 2010_

_____
Richard J. Evans, Jr.

# EXHIBIT "A"

3

**ONONDAGA COUNTY CLERK'S OFFICE**
**M. ANN CIARPELLI - COUNTY CLERK**
401 Montgomery St - Room 200
Syracuse NY 13202

Phone: 315-435-2226
Fax:   315-435-3455

Submitted by: SALT CITY

Document type: TAX LIEN CERTIFICATE

1ST PARTY:    CITY OF SYRACUSE

2ND PARTY:    AMERICAN TAX FUNDING LLC
              WELLS FARGO FOOTHILL INC

Legal desc:

Receipt:      572242 RS

Type/Bk/Pg: MR00241633

Date filed: 12/28/2006 at 09:16
Updated:    01/04/2007

Record and return to:
PILLSBURY WINTHROP SHAW
1540 BROADWAY
NEW YORK NY 10036

RECORDING FEES

# of pages: 137 x 3.00  $    411.00
# of refs:    x    $
Basic:             $      8.00
                   -----------------
        Total:  $    419.00

MISCELLANEOUS FEES

RMI:          $      20.00
              ---------------
    Total:  $      20.00

TOTAL PAID:          $439.00



M. ANN CIARPELLI
Onondaga County Clerk

## CITY OF SYRACUSE
## STATE OF NEW YORK
## TAX LIEN CERTIFICATE
### August 2, 2006

THIS CERTIFICATE, made as of August 2, 2006, from City of Syracuse, a municipality existing under the laws of the State of New York (the "Seller") having an address at City Hall, Syracuse, NY 13202, to American Tax Funding, LLC, a Florida Limited Liability Company, having an address at 345 Jupiter Lakes Blvd., Suite 300, Jupiter, FL 33458, BMO Capital Markets Corp. (formerly Harris Nesbitt Corp.), as collateral agent on behalf of certain secured parties, as nominee lien holder on behalf of Wells Fargo Foothill, Inc.

THAT THE SELLER, in consideration of TEN DOLLARS ($10.00), lawful money of the United States, paid in hand by the Buyer, and other good and valuable consideration, receipt of which is hereby acknowledged, in accordance with the applicable sections of the City of Syracuse Tax and Assessment Act, DOES HEREBY SELL, TRANSFER, ASSIGN, CONVEY, GRANT AND RELEASE unto the Buyer and its successors and assigns ALL RIGHT, TITLE AND INTEREST in and to certain liens or encumbrances on real property arising from an unpaid tax, special ad valorem levy, special assessment or other charge imposed upon certain real property that, prior to August 2, 2006 (the "Sale Date"), became a lien or encumbrance on those certain parcels of real property (each, a "Property") located in the jurisdiction of the Seller and listed on Schedule A hereto, plus all interest, penalties, charges and surcharges imposed pursuant to law prior to the Sale Date (all such amounts with respect to a Property, collectively, a "Tax Lien") in the total amount (the "Tax Lien Principal Balance") set forth with respect to each Property on Schedule A hereto, plus interest accruing thereon from the Sale Date at the rate of one percent (1%) for each month or fraction thereof: provided, however, that in the case of Properties as to which the owners thereof were subject to bankruptcy proceedings on the Sale Date, interest shall accrue as permitted by applicable bankruptcy law. The Tax Lien Principal Balance and all accrued interest thereon shall be payable directly to the Buyer or its designee.

TO HAVE AND TO HOLD the premises herein granted unto the Buyer and its successors and assigns forever.

NOTICES, legal process or other papers relating to any of the Tax Liens must be personally served on the Buyer at its respective addresses set forth above.

IN WITNESS WHEREOF, the Seller has duly executed this Certificate as of the day and year first above written.

Approved as to form:

**CITY OF SYRACUSE**

_[signature]_
Authorized Signature

By: _[signature]_
Brian L. Roulin
Commissioner of Finance

****************************************************

STATE OF NEW YORK      }
                       } ss:
COUNTY OF ONONDAGA     }

    On August 2, 2006, before me, that undersigned, a Notary Public in and for said State, personally appeared Brian L. Roulin, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her capacity, and that by his/her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

JOHN C. BLACK JR.
Notary Public, State of New York
Qualified in Onondaga County
Commission Expires May 31, 20 07

_[signature]_
Notary Public

+++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++

## ONONDAGA COUNTY CLERK'S OFFICE
### M. ANN CIARPELLI - COUNTY CLERK
401 Montgomery St - Room 200
Syracuse NY 13202

Phone: 315-435-2226
Fax:   315-435-3455

Submitted by:  SALT CITY

Document type: TAX LIEN CERTIFICATE

1ST PARTY:    CITY OF SYRACUSE

2ND PARTY:

Legal desc:   *SEE MISC FILED 2007 FOR ORI
              GINAL DOCUMENT

Receipt:    647846 RS

Type/Bk/Pg: MR00248746

Date filed: 11/20/2007 at 14:44
Updated:    11/21/2007

Record and return to:
    XXXXX

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

### RECORDING FEES

| | | |
|---|---|---|
| # of pages: | 141 x | $        0.00 |
| # of refs:  | 34 x  | $ |
| Basic:      |       | $ |

============
Total: $

### MISCELLANEOUS FEES

RMI:        $

============
Total: $

TOTAL PAID:

M. ANN CIARPELLI
Onondaga County Clerk



M R 0 0 2 4 8 7 4 6

| TAX MAP | ACCOUNT NUMBER | OWNER | ADDRESS | TAX YEAR | TYPE | AMOUNT |
|---|---|---|---|---|---|---|
| 092.-27-17.0 | 111400500 | MATTICE NICOLE | 8 CADWELL PL | 1995 | | 852.82 |
| 092.-27-17.0 | 111400500 | MATTICE NICOLE | 8 CADWELL PL | 2005 | S | 855.65 |
| 092.-27-17.0 | 111400500 | MATTICE NICOLE | 8 CADWELL PL | 2000 | | 910.80 |
| 111.-27-24.0 | 114100800 | CARDINELL JAMES & HARRIET | 315-17 CADWELL ST | 2005 | S | 902.45 |
| 093.-01-07.0 | 104000200 | BURKE GEORGE | 311 HOLLAND ST | 2002 | | 1,067.27 |
| 093.-01-07.0 | 104000200 | BURKE GEORGE | 311 HOLLAND ST | 2001 | | 957.27 |
| 093.-01-07.0 | 104000200 | BURKE GEORGE | 311 HOLLAND ST | 2000 | | 955.19 |
| 093.-01-07.0 | 104000200 | BURKE GEORGE | 311 HOLLAND ST | 2005 | S | 38.52 |
| 093.-01-07.0 | 104000200 | BURKE GEORGE | 311 HOLLAND ST | 2005 | S | 838.00 |
| 093.-01-27.0 | 102200700 | PACELLI STEPHEN | 112 DELAWARE ST | 2002 | | 894.44 |
| 093.-01-27.0 | 102200700 | PACELLI STEPHEN | 112 DELAWARE ST | 2001 | | 856.26 |
| 093.-02-03.0 | 102000300 | PACELLI STEPHEN | 112 DELAWARE ST | 2005 | S | 577.05 |
| 093.-02-03.0 | 104000300 | PACELLI STEPHEN | 112 DELAWARE ST | 2005 | S | 577.30 |
| 093.-02-03.0 | 104000300 | PACELLI STEPHEN | 112 DELAWARE ST | 2004 | | 174.58 |
| 093.-02-03.0 | 104000300 | SMITH MONIFA | 233-35 HOLLAND ST | 2005 | S | 512.74 |
| 093.-02-03.0 | 104000300 | SMITH MONIFA | 233-35 HOLLAND ST | 1999 | | 711.48 |
| 093.-03-01.0 | 106700300 | SMITH MONIFA | 233-35 HOLLAND ST | 1998 | | 1,293.21 |
| 093.-03-01.0 | 106700300 | SMITH MONIFA | 233-35 HOLLAND ST | 1999 | | 685.35 |
| 093.-03-01.0 | 106700300 | SMITH MONIFA | 233-35 HOLLAND ST | 2005 | S | 1,210.16 |
| 093.-03-01.0 | 106700300 | SMITH MONIFA | 233-35 HOLLAND ST | 2005 | S | 1,101.08 |
| 093.-03-01.0 | 106700800 | 678 WEST ONONDAGA ST LLC | 678 ONONDAGA ST W | 2005 | S | 1,704.75 |
| 093.-03-01.0 | 106700800 | 678 WEST ONONDAGA ST LLC | 678 ONONDAGA ST W | 2004 | | 1,983.15 |
| 093.-05-12.0 | 105000200 | CORREIA PETER | 679-85 ONONDAGA ST W & RICH ST | 2005 | S | 4,601.75 |
| 093.-05-26.1 | 105200300 | CORREIA PETER | 679-85 ONONDAGA ST W & RICH ST | 2005 | S | 873.88 |
| 093.-05-26.1 | 105200300 | CORREIA PETER | 679-85 ONONDAGA ST W & RICH ST | 2005 | S | 5,871.68 |
| 093.-05-26.1 | 105200300 | BERNARD ANDREA | 150 LINCOLN AVE | 2005 | S | 340.38 |
| 093.-05-26.1 | 105200300 | BERNARD ANDREA | 150 LINCOLN AVE | 2005 | S | 1,546.61 |
| 093.-05-35.0 | 108500200 | BUNTING BENJAMIN H | 227 SOUTH AVE TO TALLMAN ST | 2001 | | 1,875.92 |
| 093.-05-35.0 | 108500200 | BUNTING BENJAMIN H | 227 SOUTH AVE TO TALLMAN ST | 1999 | | 3,523.74 |
| 093.-05-35.0 | 108500200 | BUNTING BENJAMIN H | 227 SOUTH AVE TO TALLMAN ST | 2000 | | 4,320.75 |
| 093.-06-05.0 | 108500201 | BUNTING BENJAMIN H | 227 SOUTH AVE TO TALLMAN ST | 2001 | | 3,193.55 |
| 093.-07-09.0 | 108500201 | BUNTING BENJAMIN H | 227 SOUTH AVE TO TALLMAN ST | 2002 | | 895.88 |
| 093.-07-09.0 | 108500201 | BUNTING BENJAMIN H | 227 SOUTH AVE TO TALLMAN ST | 2002 | | 1,091.68 |
| 093.-07-09.0 | 105000200 | BOURASSA VERONICA | 115 LINCOLN AVE | 2005 | S | 692.91 |
| 093.-07-09.0 | 105000200 | BOURASSA VERONICA | 115 LINCOLN AVE | 2001 | | 748.57 |
| 093.-08-19.1 | 105000200 | BOURASSA VERONICA | 115 LINCOLN AVE | 2002 | | 1,300.63 |
| 093.-08-19.1 | 261002100 | PRATT JEREMY C | 412 MIDLAND AVE | 2003 | | 123.85 |
| 093.-09-19.0 | 261002100 | PRATT JEREMY C | 412 MIDLAND AVE | 2004 | | 1,966.84 |
| 093.-09-19.0 | 261002100 | PRATT JEREMY C | 412 MIDLAND AVE | 2005 | S | 241.66 |
| 093.-09-19.0 | 261002100 | PRATT JEREMY C | 412 MIDLAND AVE | 2003 | | 351.85 |
| 093.-09-19.0 | 128500200 | MERE SAMUEL S & ADRIANA | 200 SOUTH AVE & TALLMAN ST | 2002 | | 916.16 |
| 093.-09-19.0 | 128500201 | MERE SAMUEL SAMIR & ANDRI | 315 SOUTH AVE | 2001 | | 884.90 |
| 093.-09-19.0 | 128500201 | MERE SAMUEL SAMIR & ANDRI | 315 SOUTH AVE | 2005 | S | 444.24 |
| 093.-09-19.0 | 120710200 | ROGERS CLARA L | 234 BELLEVUE AVE | 2005 | S | 1,191.23 |
| 093.-09-19.0 | 120710200 | ROGERS CLARA L | 234 BELLEVUE AVE | 2005 | S | 781.92 |
| 093.-09-19.0 | 120710200 | ROGERS CLARA L | 234 BELLEVUE AVE | 2005 | S | 1,151.83 |
| 093.-09-19.0 | 120710200 | ROGERS CLARA L | 234 BELLEVUE AVE | 2001 | | 1,105.83 |
| 093.-09-19.0 | 120710200 | ROGERS CLARA | 234 BELLEVUE AVE | 2002 | | 1,708.33 |
| 093.-09-19.0 | 120710200 | ROGERS CLARA | 234 BELLEVUE AVE | 2003 | | 761.24 |
| 093.-09-19.0 | 120710200 | ROGERS CLARA | 234 BELLEVUE AVE | 2004 | | 963.94 |
| 093.-09-19.0 | 120710200 | ROGERS CLARA | 234 BELLEVUE AVE | 2005 | S | 706.73 |
| 093.-09-19.0 | 120710200 | ROGERS CLARA | 234 BELLEVUE AVE | 2005 | S | 854.22 |

# Exhibit "C"

Copy of Foreclosure Summons and Complaint Filed by Defendants Against Named
Plaintiff Nicole M. Dorch

STATE OF NEW YORK
SUPREME COURT          ONONDAGA COUNTY

AMERICAN TAX FUNDING, LLC,                    **SUMMONS**

                                Plaintiff,    Date Filed: 11-12-10

                        vs.                   Index No. 2010-6568

NICOLE M. DORCH;
TAMMY J. BURGOS;
DENNIS J. BURGOS;
ONONDAGA COUNTY DEPARTMENT OF SOCIAL
    SERVICES;
CROUSE RADIOLOGY ASSOCIATES, L.L.P.;
CROUSE HOSPITAL PHYSICIANS, INC.;
CROUSE HEALTH HOSPITAL, INC.
    D/B/A CROUSE HOSPITAL;
THE CITY OF SYRACUSE
and JOHN DOE,

                                Defendants.

TO THE ABOVE NAMED DEFENDANTS:

        YOU ARE HEREBY SUMMONED to answer the Complaint in this action, and to serve a copy of
your Answer, or, if the Complaint is not served with this Summons, to serve a Notice of Appearance on
the plaintiff's attorneys within thirty (30) days after the service of this Summons, exclusive of the day of
service. The United States of America, if designated as a defendant in this action, may answer or appear
within sixty (60) days of service hereof. In case of your failure to appear or answer, judgment will be
taken against you by default for the relief demanded in the Complaint.

        Plaintiff designates Onondaga County as the place of trial. Venue is based upon the County in
which the property being foreclosed upon is situate.

A

## NOTICE

### YOU ARE IN DANGER OF LOSING YOUR HOME

If you do not respond to this summons and complaint by serving a copy of the answer on the attorney for the company who filed this foreclosure proceeding against you and filing the answer with the court, a default judgment may be entered and you can lose your home.

Speak to an attorney or go to the court where your case is pending for further information on how to answer the summons and protect your property.

Sending a payment will not stop this foreclosure.

**YOU MUST RESPOND BY SERVING A COPY OF THE ANSWER ON THE ATTORNEY FOR THE PLAINTIFF AND FILING THE ANSWER WITH THE COURT.**

Dated: _November 8, 2010_

Richard M. Beers, Jr.
PHILLIPS LYTLE LLP
Attorneys for Plaintiff
American Tax Funding, LLC
1400 First Federal Plaza
Rochester, NY 14614
Tel. No. (585) 758-2110

# HELP FOR HOMEOWNERS IN FORECLOSURE

NEW YORK STATE LAW REQUIRES THAT WE SEND YOU THIS NOTICE ABOUT THE FORECLOSURE PROCESS. PLEASE READ **IT CAREFULLY.**

### Summons and Complaint

You are in danger of losing your home. If you fail to respond to the summons and complaint in this foreclosure action, you may lose your home. Please read the summons and complaint carefully. You should immediately contact an attorney or your local legal aid office to obtain advice on how to protect yourself.

### Sources of Information and Assistance.

The State encourages you to become informed about your options in foreclosure. In addition to seeking assistance from an attorney or legal aid office, there are government agencies, and non-profit organizations that you may contact for information about possible options, including trying to work with your lender during this process.

To locate an entity near you, you may call the toll-free helpline maintained by the New York State Banking Department at 1-877-BANK-NYS (1-877-226-5697) or visit the Department's website at http://www.banking.state.ny.us.

### Foreclosure Rescue Scams

Be careful of people who approach you with offers to "save" your home. There are individuals who watch for notices of foreclosure actions in order to unfairly profit from a homeowner's distress. You should be extremely careful about any such promises and any suggestions that you pay them a fee or sign over your deed. State law requires anyone offering such services for profit to enter into a contract which fully describes the services they will perform and fees they will charge, and which prohibits them from taking any money from you until they have completed all such promised services.

**NOTICE REQUIRED BY THE FAIR DEBT
COLLECTION PRACTICES ACT
(THE ACT), 15 U.S.C. SECTION 1601 AS AMENDED**

1. THE AMOUNT OF THE DEBT AS OF THE DATE ON THE ATTACHED COMPLAINT IS SET FORTH ON SCHEDULE C OF THIS COMPLAINT. BECAUSE OF INTEREST, ATTORNEYS' FEES AND COSTS AND OTHER CHARGES THAT MAY VARY FROM DAY TO DAY, THE AMOUNT DUE ON THE DATE YOU PAY MAY BE GREATER THAN THE AMOUNT SHOWN ON SCHEDULE C. BEFORE SENDING A CHECK, CONTACT THE CREDITOR IN WRITING OR BY TELEPHONE TO CONFIRM THE EXACT AMOUNT OF THE DEBT THAT WILL BE DUE ON THE DAY YOU PAY THE DEBT. YOU MAY CONTACT THE CREDITOR AMERICAN TAX FUNDING, LLC, P.O. BOX 863517, ORLANDO, FLORIDA 32886 OR BY TELEPHONE AT 888-289-8297.

2. THE PLAINTIFF AS NAMED IN THE ATTACHED COMPLAINT IS THE CREDITOR TO WHOM THE DEBT IS OWED.

3. THE DEBT DESCRIBED IN THE COMPLAINT ATTACHED HERETO WILL BE ASSUMED TO BE VALID BY THE CREDITOR'S LAW FIRM, UNLESS THE DEBTOR, WITHIN THIRTY (30) DAYS AFTER THE RECEIPT OF THIS NOTICE, DISPUTES THE VALIDITY OF THE DEBT OR SOME PORTION THEREOF.

4. IF THE DEBTOR NOTIFIES THE CREDITOR'S LAW FIRM IN WRITING WITHIN THIRTY (30) DAYS OF THE RECEIPT OF THIS NOTICE THAT THE DEBT OR ANY PORTION THEREOF IS DISPUTED, THE CREDITOR'S LAW FIRM WILL OBTAIN A VERIFICATION OF THE DEBT AND A COPY OF THE VERIFICATION WILL BE MAILED TO THE DEBTOR BY THE CREDITOR'S LAW FIRM.

5. IF THE CREDITOR NAMED AS PLAINTIFF IN THE ATTACHED COMPLAINT IS NOT THE ORIGINAL CREDITOR, AND IF THE DEBTOR MAKES A WRITTEN REQUEST TO THE CREDITOR'S LAW FIRM WITHIN THE THIRTY (30) DAYS FROM THE RECEIPT OF THIS NOTICE, THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR WILL BE MAILED TO THE DEBTOR BY THE CREDITOR'S LAW FIRM.

6. WE ARE ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

7. THIS ADVICE PERTAINS TO YOUR DEALINGS WITH US AS A DEBT COLLECTOR. IT DOES NOT AFFECT YOUR DEALINGS WITH THE COURT, AND IN PARTICULAR IT DOES NOT CHANGE THE TIME AT WHICH YOU MUST ANSWER THE COMPLAINT. THE SUMMONS IS A COMMAND FROM THE COURT, NOT FROM US, AND YOU MUST FOLLOW ITS INSTRUCTIONS EVEN IF YOU DISPUTE THE VALIDITY OR AMOUNT OF THE DEBT. THE ADVICE IN THIS NOTICE ALSO DOES NOT AFFECT OUR RELATIONS WITH THE COURT. AS LAWYERS, WE MAY FILE PAPERS IN THE SUIT ACCORDING TO THE COURT'S RULES AND THE JUDGE'S INSTRUCTIONS.

STATE OF NEW YORK
SUPREME COURT      ONONDAGA COUNTY

---

AMERICAN TAX FUNDING, LLC,

**COMPLAINT**

Plaintiff,

Date Filed: 11-12-10

vs.

Index No. 2010-6568

NICOLE M. DORCH;
TAMMY J. BURGOS;
DENNIS J. BURGOS;
ONONDAGA COUNTY DEPARTMENT OF SOCIAL
  SERVICES;
CROUSE RADIOLOGY ASSOCIATES, L.L.P.;
CROUSE HOSPITAL PHYSICIANS, INC.;
CROUSE HEALTH HOSPITAL, INC.
  D/B/A CROUSE HOSPITAL;
THE CITY OF SYRACUSE
and JOHN DOE,

Defendants.

---

Plaintiff, by its attorneys, PHILLIPS LYTLE LLP, complaining of the defendants above-named, alleges upon information and belief as follows:

1.    Plaintiff, American Tax Funding, LLC, is a Florida limited liability company having an address at 345 Jupiter Lakes Boulevard, Suite 300, Jupiter, Florida 33458.

2.    Plaintiff is the owner and holder of certain duly levied tax liens (such tax lien or tax liens being collectively referred to as the "Tax Lien"), evidenced by certain tax lien certificates (collectively referred to as the "Tax Lien Certificate"), partial copies of which are attached hereto as Exhibit "A", encumbering that parcel or tract of land situate in the City of Syracuse and State of New York and known

as Tax Account No.:028.-11-34.0, said parcel appearing on the tax assessment roll as 316 Greenway Avenue, City of Syracuse, New York (said premises being hereinafter referred to as the "Property"), said Exhibit "A" being incorporated herein by reference.

3.     The defendants set forth in Schedule "A" hereof are made defendants in this action in the capacities therein alleged and for the purpose of foreclosing and extinguishing all right, title or interest of said defendants in the capacities set forth in Schedule "A" as well as for the purpose of extinguishing any other right, title or interest said defendants may have in the Property.

4.     The United States of America, The People of the State of New York, The State Tax Commissioner of the State of New York, the Industrial Commissioner of the State of New York and all other agencies or instrumentalities of the federal, state or local government (by whatever name designated) if made parties to this action and if appearing in Schedule "B" hereof, are made parties solely by reason of the capacity or material set forth in Schedule "B" and for no other reason.

5.     The defendants herein have, or claim to have, some interest in or lien upon the Property, which interest or lien is, unless specifically stated in Schedule "B", subject and subordinate, to the Tax Lien.

6.     Plaintiff is entitled to foreclose on the Tax Lien pursuant to the Tax Lien Certificate and the City of Syracuse Tax and Assessment Act (Chapter 75 of the Laws of 1906, as amended) (the "Tax and Assessment Act") and the amount justly due and owing to Plaintiff is, upon information and belief, the Tax Lien Balance set forth on Schedule "C" hereof with interest thereon at the rate of 1% per month or fraction thereof, together with the costs, attorneys' fees, allowances and disbursements for maintaining this action as provided in the Tax and Assessment Act.

7.     The Property should be sold subject to:

(a)     Any state of facts that an inspection of the Property would disclose;

(b)     Any state of facts that an accurate survey of the Property would show;

(c)     Covenants, restrictions, easements and public utility agreements of record, if any;

(d)     Building and zoning ordinances of the municipality in which the Property is located and possible violations of the same;

(e)     Any rights of tenants or persons in possession of the subject Property not named in this action;

(f)     Any equity of redemption of the United States of America to redeem the Property within 120 days from date of sale;

(g)     Liens relating to the Property arising from the operation of any applicable federal law or from certain New York State environmental laws which have statutory priority or which may have attached and been perfected prior to the date of the Certificate;

(h)     All taxes, assessments and municipal charges levied by any village;

(i)     All unpaid and/or delinquent water charges or liens, pure water charges or liens and utility charges or liens;

(j)     Any other prior liens or encumbrances imposed by operation of law, including, without limitation, all taxes and other legal charges of all tax districts which accrued subsequent to the most recent Tax Lien on the Property.

8.     In the event that Plaintiff possesses any other tax lien or other lien(s) against said Property either by way of judgment, junior mortgage or otherwise, Plaintiff requests that such other lien(s) shall not be merged in Plaintiff's cause of action set forth in this complaint, but that Plaintiff shall be permitted to enforce said other lien(s) and/or seek determination of priority thereof in any independent action(s) or proceeding(s).

9.     No other action or proceeding is now pending at law or otherwise for the foreclosure of said Tax Lien or for recovery of the said sum due or any part thereof.

WHEREFORE, plaintiff demands judgment against defendants as follows:

(a)     That the Court determine and enforce in all respects the priorities, rights, claims and demands of the several parties to this action, including the priorities, rights, claims and demands of the defendants as between themselves and that each and all of the defendants in this action having an interest subordinate and inferior to the Tax Lien, and all persons claiming by, through or under any of them subsequent to the commencement of this action and the filing of the notice of pendency herein may be forever barred and foreclosed of and from all estate, right, title, interest, claim, lien and equity of redemption of, in and to the Property and each and every part and parcel thereof;

(b)     That the Court direct that the Property be sold according to law, subject to the items specified in this Complaint; and further

(c)     That the monies arising from the sale of the Property and property located thereon be brought into Court; and that the Court direct the distribution or other disposition of the proceeds of the sale, except as otherwise provided by law, and that the Plaintiff be paid the amount adjudged to be due on the Tax Lien, with interest to the time of such payment, together with costs, attorneys' fees, allowances and disbursements of this action, and together with the expenses of the sale insofar as the amount of such monies properly applicable thereto will pay the same;

(d)     That Plaintiff be awarded such other, further and different relief as the Court may deem just, proper and equitable.

Dated: November 8 2010
       Rochester, New York

Richard M. Beers, Jr.
PHILLIPS LYTLE LLP
Attorneys for Plaintiff
American Tax Funding, LLC
1400 First Federal Plaza
Rochester, New York 14614
(585) 758-2110

## SCHEDULE A

| DEFENDANT | CAPACITY |
|---|---|
| NICOLE M. DORCH | Owner of record. |
| TAMMY J. BURGOS | Mortgagee by virtue of the mortgage recorded in Book 14291 of Mortgages, page 432. |
| DENNIS J. BURGOS | Mortgagee by virtue of the mortgage recorded in Book 14291 of Mortgages, page 432. |
| CROUSE RADIOLOGY ASSOCIATES, L.L.P. | Judgment creditor by virtue of a Syracuse City Court judgment docketed January 10, 2008 in the amount of $991.91 vs. Nicole Dorch. |
|  | Atty: Joel Melnicoff |
| CROUSE HOSPITAL PHYSICIANS, INC. | Judgment creditor by virtue of a Syracuse City Court judgment docketed September 8, 2008 in the amount of $797.74 vs. Nicole Dorch. |
|  | Atty: Newman & Lickstein |
| CROUSE HEALTH HOSPITAL, INC. D/B/A CROUSE HOSPITAL | Judgment creditor by virtue of a Syracuse City Court judgment docketed October 22, 2008 in the amount of $2,329.48 vs. Nicole Dorch; and a Syracuse City Court judgment docketed February 15, 2010 in the amount of $3,412.34 vs. Nicole Dorch. |
|  | Atty: Robert P. Rothman |
| JOHN DOE | Said name being fictitious, it being the intention of Plaintiff to designate any and all occupants, tenants, persons or corporations, if any, having or claiming an interest in or lien upon the premises being foreclosed herein. |

## SCHEDULE B

| DEFENDANT | CAPACITY |
|---|---|
| ONONDAGA COUNTY DEPARTMENT OF SOCIAL SERVICES | Mortgagee by virtue of the mortgage recorded in Book 15153 of Mortgages, page 831. |
| THE CITY OF SYRACUSE | To extinguish all rights and interests in the parcel being foreclosed other than those real property tax liens held by the City of Syracuse which, by law, have priority over the most recent Tax Lien being foreclosed herein. |

## SCHEDULE C

Tax Lien balance as of November 2, 2010:

| Year | Type | Amount |
|------|--------|-----------|
| 2006 | COUNTY | $1,789.01 |
| 2006 | CITY | $1,854.84 |

## VERIFICATION

      Richard M. Beers, Jr., the undersigned, an attorney admitted to practice in the courts of New York, duly affirms and says the following statement to be true under the penalties of perjury pursuant to CPLR 2106: He is a partner of Phillips Lytle LLP the attorneys for plaintiff in this action and that the foregoing Complaint is true to his own knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters he believes it to be true; that the grounds of his belief as to all matters not stated upon his knowledge are correspondence and other writings furnished to him by plaintiff; and that the reason why the verification is not made by plaintiff is that plaintiff resides outside of Monroe County, that being the county in which your affiant maintains an office for the practice of law.

Dated: _November 8, 2010_

                                        Richard M. Beers, Jr.

# **SCHEDULE A**

ONONDAGA COUNTY CLERK'S OFFICE 6 2
M. ANN CIARPELLI - COUNTY CLERK
401 Montgomery St - Room 200
Syracuse NY 13202

Phone: 315-435-2226
Fax:   315-435-3455

Submitted by: SALT CITY

Document type: TAX LIEN CERTIFICATE

Receipt:      692687 RS

1ST PARTY:    AMERICAN TAX FUNDING LLC
              WELLS FARGO FOOTHILL CORP

Type/Bk/Pg: MR00252698

Date filed: 06/11/2008 at 14:40
Updated:    06/12/2008

2ND PARTY:    CITY OF SYRACUSE

Legal desc:

Record and return to:
PHILLIPS LYTLE HITCHCOCK &
BLAINE & HUBER
1400 FIRST FEDERAL PLAZA
ROCHESTER NY   14614

### RECORDING FEES

| | | | |
|---|---|---|---|
| # of pages: | 64 x 3.00 | $ | 192.00 |
| # of refs: | x | $ | |
| Basic: | | $ | 8.00 |
| Total: | | $ | 200.00 |

### MISCELLANEOUS FEES

RMI:          $      20.00

Total:  $      20.00

TOTAL PAID:              $220.00

M. ANN CIARPELLI
Onondaga County Clerk

M R 0 0 2 5 2 6 9 8

## CITY OF SYRACUSE
## STATE OF NEW YORK
## TAX LIEN CERTIFICATE
### January 31, 2008

**THIS CERTIFICATE**, made as of January 31, 2008, from City of Syracuse, a municipality existing under the laws of the State of New York (the "Seller") having an address at City Hall, Syracuse, NY 13202, to American Tax Funding, LLC, Wells Fargo Foothill Corp as Secured Party, a Florida Limited Liability Company, having an address at 345 Jupiter Lakes Blvd., Suite 300, Jupiter, FL 33458,.

**THAT THE SELLER**, in consideration of TEN DOLLARS ($10.00), lawful money of the United States, paid in hand by the Buyer, and other good and valuable consideration, receipt of which is hereby acknowledged, in accordance with the applicable sections of the City of Syracuse Tax and Assessment Act, **DOES HEREBY SELL, TRANSFER, ASSIGN, CONVEY, GRANT AND RELEASE** unto the Buyer and its successors and assigns **ALL RIGHT, TITLE AND INTEREST** in and to certain liens or encumbrances on real property arising from an unpaid tax, special ad valorem levy, special assessment or other charge imposed upon certain real property that, prior to January 31, 2008 (the "Sale Date"), became a lien or encumbrance on those certain parcels of real property (each, a "Property") located in the jurisdiction of the Seller and listed on Schedule A hereto, plus all interest, penalties, charges and surcharges imposed pursuant to law prior to the Sale Date (all such amounts with respect to a Property, collectively, a "Tax Lien") in the total amount (the "Tax Lien Principal Balance") set forth with respect to each Property on Schedule A hereto, plus interest accruing thereon from the Sale Date at the rate of one percent (1%) for each month or fraction thereof: provided, however, that in the case of Properties as to which the owners thereof were subject to bankruptcy proceedings on the Sale Date, interest shall accrue as permitted by applicable bankruptcy law. The Tax Lien Principal Balance and all accrued interest thereon shall be payable directly to the Buyer or its designee.

**TO HAVE AND TO HOLD** the premises herein granted unto the Buyer and its successors and assigns forever.

**NOTICES**, legal process or other papers relating to any of the Tax Liens must be personally served on the Buyer at its respective addresses set forth above.

**IN WITNESS WHEREOF**, the Seller has duly executed this Certificate as of the day and year first above written.

Record return to:
Phillips Lytle LLP
1400 First Federal Plaza
Rochester, NY 14614
4th. RMB

ONONDAGA COUNTY CLERK'S OFFICE
M. ANN CIARPELLI - COUNTY CLERK
401 Montgomery St - Room 200
Syracuse NY 13202

Phone: 315-435-2226
Fax: 315-435-3455

Submitted by: SALT CITY

Document type: TAX LIEN CERTIFICATE

1ST PARTY: AMERICAN TAX FUNDING LLC
WELLS FARGO FOOTHILL CORP

2ND PARTY: CITY OF SYRACUSE

Legal desc:

Receipt: 692687 RS

Type/Bk/Pg: MR00252698

Date filed: 06/11/2008 at 14:40
Updated: 06/12/2008

Record and return to:
PHILLIPS LYTLE HITCHCOCK &
BLAINE & HUBER
1400 FIRST FEDERAL PLAZA
ROCHESTER NY 14614

RECORDING FEES

# of pages: 64 x 3.00 $ 192.00

# of refs: x $

Basic: $ 8.00

==============

Total: $ 200.00

MISCELLANEOUS FEES

RMI: $ 20.00

==============

Total: $ 20.00

TOTAL PAID: $220.00

M. ANN CIARPELLI
Onondaga County Clerk

M R 0 0 2 5 2 6 9 8

## CITY OF SYRACUSE
## STATE OF NEW YORK
## TAX LIEN CERTIFICATE
### January 31, 2008

**THIS CERTIFICATE,** made as of January 31, 2008, from City of Syracuse, a municipality existing under the laws of the State of New York (the "Seller") having an address at City Hall, Syracuse, NY 13202, to American Tax Funding, LLC, Wells Fargo Foothill Corp as Secured Party, a Florida Limited Liability Company, having an address at 345 Jupiter Lakes Blvd., Suite 300, Jupiter, FL 33458,.

**THAT THE SELLER,** in consideration of TEN DOLLARS ($10.00), lawful money of the United States, paid in hand by the Buyer, and other good and valuable consideration, receipt of which is hereby acknowledged, in accordance with the applicable sections of the City of Syracuse Tax and Assessment Act, **DOES HEREBY SELL, TRANSFER, ASSIGN, CONVEY, GRANT AND RELEASE** unto the Buyer and its successors and assigns **ALL RIGHT, TITLE AND INTEREST** in and to certain liens or encumbrances on real property arising from an unpaid tax, special ad valorem levy, special assessment or other charge imposed upon certain real property that, prior to January 31, 2008 (the "Sale Date"), became a lien or encumbrance on those certain parcels of real property (each, a "Property") located in the jurisdiction of the Seller and listed on Schedule A hereto, plus all interest, penalties, charges and surcharges imposed pursuant to law prior to the Sale Date (all such amounts with respect to a Property, collectively, a "Tax Lien") in the total amount (the "Tax Lien Principal Balance") set forth with respect to each Property on Schedule A hereto, plus interest accruing thereon from the Sale Date at the rate of one percent (1%) for each month or fraction thereof: provided, however, that in the case of Properties as to which the owners thereof were subject to bankruptcy proceedings on the Sale Date, interest shall accrue as permitted by applicable bankruptcy law. The Tax Lien Principal Balance and all accrued interest thereon shall be payable directly to the Buyer or its designee.

**TO HAVE AND TO HOLD** the premises herein granted unto the Buyer and its successors and assigns forever.

**NOTICES,** legal process or other papers relating to any of the Tax Liens must be personally served on the Buyer at its respective addresses set forth above.

**IN WITNESS WHEREOF,** the Seller has duly executed this Certificate as of the day and year first above written.

Record & return to:
Phillips Lytle LLP
1400 First Federal Plaza
Rochester NY 14614
Attn: RMB

Approved as to form:                          CITY OF SYRACUSE

_John C Black Jr_                             By: _____
Authorized Signature                              David DelVecchio
                                                  Commissioner of Finance

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

STATE OF NEW YORK        }
                         } ss:
COUNTY OF ONONDAGA       }

On January 31, 2008, before me, that undersigned, a Notary Public in and for said State, personally appeared David DelVecchio personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her capacity, and that by his/her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_John C Black Jr_
Notary Public

JOHN C. BLACK JR.
Notary Public, State of New York
No. 1695484
Qualified in Onondaga County,
Commission Expires May 31, 20 11

Syracuse

| Account | Parcel ID | Address | Name | Year | Amount |
|---|---|---|---|---|---|
| 0607101100 | 016-07-17.0 | 125 BEECHER ST | REEVES JOHN & PAUL S JR | 2006 CITY | $713.59 |
| 0607101501 | 016-14-01.0 | 106 BEECHER ST | BACK YARD ENTRTNMNT INC | 2006 CITY | $1,327.75 |
| 0613006500 | 103-07-07.0 | 215 BURNET AVE | MORELAND CHRISTOPHER | 2006 CITY | $3,925.01 |
| 0613019200 | 029-09-01.0 | 1223 BURNET AVE & TEALL AVE | PURCELL KIRSTEN M | 2006 CITY | $6,535.61 |
| 0613019300 | 028-14-18.0 | 1361 BURNET AVE | HEINS JOHN | 2006 CITY | $1,750.85 |
| 0613021700 | 028-14-17.0 | 1367 BURNET AVE | HEINS JOHN | 2006 CITY | $1,712.59 |
| 0613022000 | 028-11-22.0 | 1425 BURNET AVE | RUDY STEPHEN | 2006 CITY | $1,686.88 |
| 0613102300 | 016-03-04.0 | 808 BUTTERNUT ST | CALABRIA ANTHONY | 2006 CITY | $3,720.18 |
| 0626005800 | 029-01-23.0 | 810 BUTTERNUT ST | CALABRIA ANTHONY & BETTY | 2006 CITY | $1,675.86 |
| 0631100500 | 018-09-22.0 | 413 ELM ST | FRIEDMAN CHAYA | 2006 CITY | $1,197.75 |
| 0631103900 | 018-03-64.0 | 111 GERTRUDE ST | FRIER SHARON M | 2006 CITY | $1,442.52 |
| 0635303000 | 028-11-34.0 | 303 GERTRUDE ST | CURTIS ALFRED | 2006 CITY | $897.94 |
| 0635303300 | 028-11-37.0 | 316 GREENWAY AVE | DORCH NICOLE M | 2006 CITY | $1,384.21 |
| 0638000700 | 018-04-25.0 | 322 GREENWAY AVE | SABLOWSKI ROSE | 2006 CITY | $1,457.46 |
| 0638101400 | 019-24-07.0 | 123 HENDERSON ST | GASKO BERNICE & KARL H | 2006 CITY | $1,236.80 |
| 0653005100 | 018-09-11.0 | 114 HERBST AVE | UTHMAN NASSER | 2006 CITY | $1,878.09 |
| 0657002200 | 029-15-09.0 | 611 LODI ST | TRAN PHUONG | 2006 CITY | $1,791.45 |
| 0680101800 | 019-20-05.0 | 179 MATHER ST | SHAVER LENA | 2006 CITY | $1,270.84 |
| 0691000201 | 103-07-15.0 | 110 SCHULER ST | LEBLANC PATRICK | 2006 CITY | $1,042.60 |
| 0693103700 | 019-21-18.0 | 206 TOWNSEND ST N | MEVEC DANNY LOUIS & KAYE E | 2006 CITY | $4,025.20 |
| 0897102200 | 029-06-09.0 | 610 VINE ST | CASLER DANIEL H | 2006 CITY | $1,126.19 |
| 0897103700 | 019-23-05.0 | 523 WINTON ST | TALARICO SUZANNE VIEAU- | 2006 CITY | $2,352.42 |
| 0897104301 | 019-24-24.1 | 613 WINTON ST | GORSCH LAUREL W | 2006 CITY | $1,014.37 |
| 0704005600 | 111-02-19.0 | 606-14 WINTON ST & ROBINSON ST | SHIBLEY J LEE | 2006 CITY | $3,405.17 |
| 0704006300 | 112-20-21.0 | 606 AVERY AVE | SUPERNAULT TERRY | 2006 CITY | $1,064.66 |
| 0704009500 | 112-13-57.0 | 709 AVERY AVE | BERGMAN DARLANA | 2006 CITY | $1,560.26 |
| 0704013500 | 112-01-17.0 | 816-18 AVERY AVE | STACEY KARL L JR & MARY P | 2006 CITY | $1,176.92 |
| 0725004000 | 112-09-08.0 | 1017 AVERY AVE | SANFLIPPO MARK A | 2006 CITY | $538.43 |
| 0726006001 | 112-05-15.0 | 713 EMERSON AVE | LEER DEVEL GROUP 55 | 2006 CITY | $907.84 |
| 0726013300 | 113-02-02.0 | 833 EMERSON AVE | BLOSS GEORGE M & | 2006 CITY | $1,065.83 |
| 0726022500 | 112-23-17.0 | 1025 EMERSON AVE & KANE RD | HILLS ROBERT | 2006 CITY | $621.63 |
| 0726301400 | 112-13-06.0 | 206 ERIE ST | PAST MARILYN LOUISE | 2006 CITY | $1,393.54 |
| 0737100500 | 112-20-10.0 | 205 ESSEX ST | HALSTEAD MARTIN K | 2006 CITY | $2,051.55 |
| 0737101500 | 112-19-21.0 | 117-19 HAYDEN AVE | WHITE RAYMOND R | 2006 CITY | $1,500.08 |
| 0737101600 | 112-17-11.0 | 132 HAYDEN AVE | FATCHERIC III MICHAEL & | 2006 CITY | $588.27 |
| 0738000600 | 112-24-04.0 | 211 HAYDEN AVE | SISKOWSKI MICHAEL J & | 2006 CITY | $1,219.35 |
|  |  | 113 HERKIMER ST | SNYDER JOHN & | 2006 CITY | $1,800.91 |

# Exhibit "D"

**Affidavit of Thom Dellwo**

STATE OF NEW YORK    )
COUNTY OF ONONDAGA   ) ss.:                          **AFFIDAVIT**

THOM DELLWO, being duly sworn, deposes and says that:

1.  I am over the age of 18 years and am an employee of Cooperative Federal Credit
    Union in Syracuse, New York where I provide foreclosure prevention counseling
    services.

2.  On or about November 24, 2010, at the request of Nicole Dorch, I contacted
    American Tax Funding, LLC in an attempt to resolve a foreclosure action that had
    been commenced by them against Ms. Dorch.  I inquired as to the possibility of Ms.
    Dorch entering into some sort of repayment agreement for the amount that was
    alleged to be owed by her in the foreclosure complaint, and also whether it was
    advisable or necessary for Ms. Dorch to file an answer in the foreclosure action.

3.  The representative that I spoke with responded that they did not consider repayment
    agreements where the amount alleged to be owed was less than $5,000.00, and that
    Ms. Dorch would need to contact their attorney at Phillips Lytle to inquire as to the
    filing of an answer.

4.  I also contacted Phillips Lytle who indicated that it would be advisable to file a
    written answer to the foreclosure complaint.

5.  At this point, I told Ms. Dorch that it would be best for her to contact an attorney to
    help her with this matter.

                                                    _____
                                                    THOM DELLWO

Sworn to before me this
10th day of January, 2011.

_____
Notary Public

KENNETH B. EHRESMAN
Notary Public • State of New York
Onondaga County. No. 02EH6145404
My Commission Expires April 17, 20 14

# Exhibit "E"

**Copy of Foreclosure Summons and Complaint Filed by Defendants Against Named Plaintiff Brian Kelley**

STATE OF NEW YORK
SUPREME COURT ONONDAGA COUNTY



---

AMERICAN TAX FUNDING, LLC,

                                   Plaintiff,

                  vs.

BRIAN KELLEY;
ONONDAGA COUNTY COMMISSIONER OF SOCIAL
  SERVICES;
AMERICAN BUSINESS LEASING, INC., AS
  ASSIGNEE OF INTERSTATE LEASING, CO.;
ST. JOSEPH'S HOSPITAL HEALTH CENTER;
THE CITY OF SYRACUSE
and "JOHN DOE #1" THROUGH "JOHN DOE #100",

                                   Defendants.

**SUMMONS**

Date Filed: 3|24|10

Index No. 2010-1685

---

TO THE ABOVE NAMED DEFENDANTS:

      YOU ARE HEREBY SUMMONED to answer the Complaint in this action, and to serve a copy of your Answer, or, if the Complaint is not served with this Summons, to serve a Notice of Appearance on the plaintiff's attorneys within thirty (30) days after the service of this Summons, exclusive of the day of service. The United States of America, if designated as a defendant in this action, may answer or appear within sixty (60) days of service hereof. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

      Plaintiff designates Onondaga County as the place of trial. Venue is based upon the County in which the property being foreclosed upon is situate.

## NOTICE

## YOU ARE IN DANGER OF LOSING YOUR HOME

If you do not respond to this summons and complaint by serving a copy of the answer on the attorney for the company who filed this foreclosure proceeding against you and filing the answer with the court, a default judgment may be entered and you can lose your home.

Speak to an attorney or go to the court where your case is pending for further information on how to answer the summons and protect your property.

Sending a payment will not stop this foreclosure.

**YOU MUST RESPOND BY SERVING A COPY OF THE ANSWER ON THE ATTORNEY FOR THE PLAINTIFF AND FILING THE ANSWER WITH THE COURT.**

DATED: March 17, 2010

Richard J. Evans, Jr.
PHILLIPS LYTLE LLP
Attorneys for Plaintiff
American Tax Funding, LLC
1400 First Federal Plaza
Rochester, NY 14614
Tel. No. (585) 758-2110

# HELP FOR HOMEOWNERS IN FORECLOSURE

NEW YORK STATE LAW REQUIRES THAT WE SEND YOU THIS
NOTICE ABOUT THE FORECLOSURE PROCESS. PLEASE READ
IT CAREFULLY.

## Summons and Complaint

You are in danger of losing your home. If you fail
to respond to the summons and complaint in this
foreclosure action, you may lose your home. Please
read the summons and complaint carefully. You
should immediately contact an attorney or your
local legal aid office to obtain advice on how to
protect yourself.

## Sources of Information and Assistance.

The State encourages you to become informed about
your options in foreclosure. In addition to seeking
assistance from an attorney or legal aid office,
there are government agencies, and non-profit
organizations that you may contact for information
about possible options, including trying to work
with your lender during this process.

To locate an entity near you, you may call the
toll-free helpline maintained by the New York State
Banking Department at 1-877-BANK-NYS (1-877-226-
5697)or visit the Department's website at
http://www.banking.state.ny.us.

## Foreclosure Rescue Scams

Be careful of people who approach you with offers
to "save" your home. There are individuals who
watch for notices of foreclosure actions in order
to unfairly profit from a homeowner's distress. You
should be extremely careful about any such promises
and any suggestions that you pay them a fee or sign
over your deed. State law requires anyone offering
such services for profit to enter into a contract
which fully describes the services they will
perform and fees they will charge, and which
prohibits them from taking any money from you until
they have completed all such promised services.

### NOTICE REQUIRED BY THE FAIR DEBT
### COLLECTION PRACTICES ACT
### (THE ACT), 15 U.S.C. SECTION 1601 AS AMENDED

1.    THE AMOUNT OF THE DEBT AS OF THE DATE ON THE ATTACHED COMPLAINT IS SET FORTH ON SCHEDULE C OF THIS COMPLAINT. BECAUSE OF INTEREST, ATTORNEYS' FEES AND COSTS AND OTHER CHARGES THAT MAY VARY FROM DAY TO DAY, THE AMOUNT DUE ON THE DATE YOU PAY MAY BE GREATER THAN THE AMOUNT SHOWN ON SCHEDULE C. BEFORE SENDING A CHECK, CONTACT THE CREDITOR IN WRITING OR BY TELEPHONE TO CONFIRM THE EXACT AMOUNT OF THE DEBT THAT WILL BE DUE ON THE DAY YOU PAY THE DEBT. YOU MAY CONTACT THE CREDITOR AMERICAN TAX FUNDING, LLC, P.O. BOX 863517, ORLANDO, FLORIDA 32886 OR BY TELEPHONE AT 888-289-8297.

2.    THE PLAINTIFF AS NAMED IN THE ATTACHED COMPLAINT IS THE CREDITOR TO WHOM THE DEBT IS OWED.

3.    THE DEBT DESCRIBED IN THE COMPLAINT ATTACHED HERETO WILL BE ASSUMED TO BE VALID BY THE CREDITOR'S LAW FIRM, UNLESS THE DEBTOR, WITHIN THIRTY (30) DAYS AFTER THE RECEIPT OF THIS NOTICE, DISPUTES THE VALIDITY OF THE DEBT OR SOME PORTION THEREOF.

4.    IF THE DEBTOR NOTIFIES THE CREDITOR'S LAW FIRM IN WRITING WITHIN THIRTY (30) DAYS OF THE RECEIPT OF THIS NOTICE THAT THE DEBT OR ANY PORTION THEREOF IS DISPUTED, THE CREDITOR'S LAW FIRM WILL OBTAIN A VERIFICATION OF THE DEBT AND A COPY OF THE VERIFICATION WILL BE MAILED TO THE DEBTOR BY THE CREDITOR'S LAW FIRM.

5.    IF THE CREDITOR NAMED AS PLAINTIFF IN THE ATTACHED COMPLAINT IS NOT THE ORIGINAL CREDITOR, AND IF THE DEBTOR MAKES A WRITTEN REQUEST TO THE CREDITOR'S LAW FIRM WITHIN THE THIRTY (30) DAYS FROM THE RECEIPT OF THIS NOTICE, THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR WILL BE MAILED TO THE DEBTOR BY THE CREDITOR'S LAW FIRM.

6.    WE ARE ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE

STATE OF NEW YORK
SUPREME COURT        ONONDAGA COUNTY

---

AMERICAN TAX FUNDING, LLC,

                Plaintiff,

          vs.

BRIAN KELLEY;
ONONDAGA COUNTY COMMISSIONER OF SOCIAL
    SERVICES;
AMERICAN BUSINESS LEASING, INC., AS
    ASSIGNEE OF INTERSTATE LEASING, CO.;
ST. JOSEPH'S HOSPITAL HEALTH CENTER;
THE CITY OF SYRACUSE
and "JOHN DOE #1" THROUGH "JOHN DOE #100",

                      Defendants.

**COMPLAINT**

Date Filed: 3|24|10

Index No. 2010-1685

---

      Plaintiff, by its attorneys, PHILLIPS LYTLE LLP, complaining of the defendants above-named, alleges upon information and belief as follows:

      1.     Plaintiff, American Tax Funding, LLC, is a Florida limited liability company having an address at 345 Jupiter Lakes Boulevard, Suite 300, Jupiter, Florida 33458.

      2.     Plaintiff is the owner and holder of certain duly levied tax liens (such tax lien or tax liens being collectively referred to as the "Tax Lien"), evidenced by certain tax lien certificates (collectively referred to as the "Tax Lien Certificate"), partial copies of which are attached hereto as Exhibit "A", encumbering that parcel or tract of land situate in the City of Syracuse and State of New York and known as Tax Account No.:079.-12-03.0, said parcel appearing on the tax assessment roll as 1423 Colvin Street

West, City of Syracuse, New York (said premises being hereinafter referred to as the "Property"), said Exhibit "A" being incorporated herein by reference.

3.    The defendants set forth in Schedule "A" hereof are made defendants in this action in the capacities therein alleged and for the purpose of foreclosing and extinguishing all right, title or interest of said defendants in the capacities set forth in Schedule "A" as well as for the purpose of extinguishing any other right, title or interest said defendants may have in the Property.

4.    The United States of America, The People of the State of New York, The State Tax Commissioner of the State of New York, the Industrial Commissioner of the State of New York and all other agencies or instrumentalities of the federal, state or local government (by whatever name designated) if made parties to this action and if appearing in Schedule "B" hereof, are made parties solely by reason of the capacity or material set forth in Schedule "B" and for no other reason.

5.    The defendants herein have, or claim to have, some interest in or lien upon the Property, which interest or lien is, unless specifically stated in Schedule "B", subject and subordinate, to the Tax Lien.

6.    Plaintiff is entitled to foreclose on the Tax Lien pursuant to the Tax Lien Certificate and the City of Syracuse Tax and Assessment Act (Chapter 75 of the Laws of 1906, as amended) (the "Tax and Assessment Act") and the amount justly due and owing to Plaintiff is the Tax Lien Balance set forth on Schedule "C" hereof with interest thereon at the rate of 1% per month or fraction thereof, together with the costs, attorneys' fees, allowances and disbursements for maintaining this action as provided in the Tax and Assessment Act.

7.    The Property should be sold subject to:
    (a)    Any state of facts that an inspection of the Property would disclose;
    (b)    Any state of facts that an accurate survey of the Property would show;

(c)     Covenants, restrictions, easements and public utility agreements of record, if any;

(d)     Building and zoning ordinances of the municipality in which the Property is located and possible violations of the same;

(e)     Any rights of tenants or persons in possession of the subject Property not named in this action;

(f)     Any equity of redemption of the United States of America to redeem the Property within 120 days from date of sale;

(g)     Liens relating to the Property arising from the operation of any applicable federal law or from certain New York State environmental laws which have statutory priority or which may have attached and been perfected prior to the date of the Certificate;

(h)     All taxes, assessments and municipal charges levied by any village;

(i)     All unpaid and/or delinquent water charges or liens, pure water charges or liens and utility charges or liens;

(j)     Any other prior liens or encumbrances imposed by operation of law, including, without limitation, all taxes and other legal charges of all tax districts which accrued subsequent to the most recent Tax Lien on the Property.

8.     In the event that Plaintiff possesses any other tax lien or other lien(s) against said Property either by way of judgment, junior mortgage or otherwise, Plaintiff requests that such other lien(s) shall not be merged in Plaintiff's cause of action set forth in this complaint, but that Plaintiff shall be permitted to enforce said other lien(s) and/or seek determination of priority thereof in any independent action(s) or proceeding(s).

9.     No other action or proceeding is now pending at law or otherwise for the foreclosure of said Tax Lien or for recovery of the said sum due or any part thereof.

WHEREFORE, plaintiff demands judgment against defendants as follows:

(a)     That the Court determine and enforce in all respects the priorities, rights, claims and demands of the several parties to this action, including the priorities, rights, claims and demands of the defendants as between themselves and that each and all of the defendants in this action having an interest subordinate and inferior to the Tax Lien, and all persons claiming by, through or under any of them subsequent to the commencement of this action and the filing of the notice of pendency herein may be forever barred and foreclosed of and from all estate, right, title, interest, claim, lien and equity of redemption of, in and to the Property and each and every part and parcel thereof;

(b)     That the Court direct that the Property be sold according to law, subject to the items specified in this Complaint; and further

(c)     That the monies arising from the sale of the Property and property located thereon be brought into Court; and that the Court direct the distribution or other disposition of the proceeds of the sale, except as otherwise provided by law, and that the Plaintiff be paid the amount adjudged to be due on the Tax Lien, with interest to the time of such payment, together with costs, attorneys' fees, allowances and disbursements of this action, and together with the expenses of the sale insofar as the amount of such monies properly applicable thereto will pay the same;

(d)     That Plaintiff be awarded such other, further and different relief as the Court may deem just, proper and equitable.

Dated:      March 17, 2010
            Rochester, New York

_____
Richard J. Evans, Jr.
PHILLIPS LYTLE LLP
Attorneys for Plaintiff
American Tax Funding, LLC
1400 First Federal Plaza
Rochester, New York 14614
(585) 758-2110

## SCHEDULE A

| DEFENDANT | CAPACITY |
|---|---|
| BRIAN KELLEY | Owner of record. |
| AMERICAN BUSINESS LEASING, INC., AS ASSIGNEE OF INTERSTATE LEASING, CO., | Judgment creditor by virtue of a Onondaga County Supreme Court judgment docketed July 12, 2002 in the amount of $21,222.06 vs. Brian P. Kelly. |
| | Atty: Platzer, Swergold, et al. |
| ST. JOSEPH'S HOSPITAL HEALTH CENTER | Judgment creditor by virtue of a Syracuse City Court judgment docketed August 21, 2008 in the amount of $2,385.30 vs. Brian K. Kelly. |
| | Atty: Robert P. Rothman, Esq. |
| "JOHN DOE #1" THROUGH "JOHN DOE #100" | The names of the last 100 defendants being fictitious, the true names of said defendants being unknown to plaintiff, it being intended to designate fee owners, tenants or occupants of the liened premises and/or persons or parties having or claiming an interest in or lien upon the liened premises, if the aforesaid individual defendants are living, and if any or all of said individual defendants be dead, their heirs at law, next of kin, distributees, executors, administrators, trustees, committees, devisees, legatees, and the assignees, lienors, creditors and successors in interest of them, and generally all persons having or claiming under, by, through, or against the said defendants named as a class, of any right, title or interest in or lien upon the premises described in the complaint herein. |

## SCHEDULE B

| DEFENDANT | CAPACITY |
|---|---|
| ONONDAGA COUNTY COMMISSIONER OF SOCIAL SERVICES | Mortgagee by virtue of the mortgage recorded in Liber 2602 of Mortgages, page 452. |
| THE CITY OF SYRACUSE | To extinguish all rights and interests in the parcel being foreclosed other than those real property tax liens held by the City of Syracuse which, by law, have priority over the most recent Tax Lien being foreclosed herein. |

## SCHEDULE C

Tax Lien balance as of March 17, 2010

| Year | Type | Total |
|------|--------|-----------|
| 2004 | COUNTY | $1,571.41 |
| 2004 | CITY | $486.79 |
| 2005 | COUNTY | $1,382.09 |
| 2005 | CITY | $883.37 |
| 2006 | COUNTY | $1,359.00 |
| 2006 | CITY | $847.53 |

## VERIFICATION

STATE OF NEW YORK)
CITY OF ROCHESTER)
COUNTY OF MONROE ) ss.:

      Richard J. Evans, Jr., being duly sworn, states that he is an associate of Phillips Lytle LLP the attorneys for plaintiff in this action and that the foregoing Complaint is true to his own knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters he believes it to be true; that the grounds of his belief as to all matters not stated upon his knowledge are correspondence and other writings furnished to him by plaintiff; and that the reason why the verification is not made by plaintiff is that plaintiff is outside of Monroe County, that being the County in which your affiant maintains an office for the practice of law.

                                     _____
                                 Richard J. Evans, Jr.

Sworn to before me this
17th day of March, 2010.

_____
Notary Public

**KRISTIN F. LEO**
**Notary Public, State of New York**
No. 01LE6094396
Qualified in Monroe County
Commission Expires June 16, 20___

*3*

**ONONDAGA COUNTY CLERK'S OFFICE**
**M. ANN CIARPELLI - COUNTY CLERK**
401 Montgomery St - Room 200
Syracuse NY 13202

Phone: 315-435-2226
Fax:   315-435-3455

Submitted by: SALT CITY

Document type: TAX LIEN CERTIFICATE

Receipt:      572242 RS

1ST PARTY:    CITY OF SYRACUSE

Type/Bk/Pg: MR00241633

2ND PARTY:    AMERICAN TAX FUNDING LLC
              WELLS FARGO FOOTHILL INC

Date filed: 12/28/2006 at 09:16
Updated:    01/04/2007

Legal desc:

Record and return to:
  PILLSBURY WINTHROP SHAW
  1540 BROADWAY
  NEW YORK NY 10036

| RECORDING FEES | | |
| --- | --- | --- |
| # of pages: 137 x 3.00 | $ | 411.00 |
| # of refs:   x | $ | |
| Basic: | $ | 8.00 |
| Total: | $ | 419.00 |

| MISCELLANEOUS FEES | | |
| --- | --- | --- |
| RMI: | $ | 20.00 |
| Total: | $ | 20.00 |

TOTAL PAID:            $439.00



M. ANN CIARPELLI
Onondaga County Clerk

**CITY OF SYRACUSE**
**STATE OF NEW YORK**
**TAX LIEN CERTIFICATE**
**August 2, 2006**

THIS CERTIFICATE, made as of August 2, 2006, from City of Syracuse, a municipality existing under the laws of the State of New York (the "Seller") having an address at City Hall, Syracuse, NY 13202, to American Tax Funding, LLC, a Florida Limited Liability Company, having an address at 345 Jupiter Lakes Blvd., Suite 300, Jupiter, FL 33458, BMO Capital Markets Corp. (formerly Harris Nesbitt Corp.), as collateral agent on behalf of certain secured parties, as nominee lien holder on behalf of Wells Fargo Foothill, Inc.

THAT THE SELLER, in consideration of TEN DOLLARS ($10.00), lawful money of the United States, paid in hand by the Buyer, and other good and valuable consideration, receipt of which is hereby acknowledged, in accordance with the applicable sections of the City of Syracuse Tax and Assessment Act, DOES HEREBY SELL, TRANSFER, ASSIGN, CONVEY, GRANT AND RELEASE unto the Buyer and its successors and assigns ALL RIGHT, TITLE AND INTEREST in and to certain liens or encumbrances on real property arising from an unpaid tax, special ad valorem levy, special assessment or other charge imposed upon certain real property that, prior to August 2, 2006 (the "Sale Date"), became a lien or encumbrance on those certain parcels of real property (each, a "Property") located in the jurisdiction of the Seller and listed on Schedule A hereto, plus all interest, penalties, charges and surcharges imposed pursuant to law prior to the Sale Date (all such amounts with respect to a Property, collectively, a "Tax Lien") in the total amount (the "Tax Lien Principal Balance") set forth with respect to each Property on Schedule A hereto, plus interest accruing thereon from the Sale Date at the rate of one percent (1%) for each month or fraction thereof: provided, however, that in the case of Properties as to which the owners thereof were subject to bankruptcy proceedings on the Sale Date, interest shall accrue as permitted by applicable bankruptcy law. The Tax Lien Principal Balance and all accrued interest thereon shall be payable directly to the Buyer or its designee.

TO HAVE AND TO HOLD the premises herein granted unto the Buyer and its successors and assigns forever.

NOTICES, legal process or other papers relating to any of the Tax Liens must be personally served on the Buyer at its respective addresses set forth above.

IN WITNESS WHEREOF, the Seller has duly executed this Certificate as of the day and year first above written.

Approved as to form:

_John C. Black_
Authorized Signature

**CITY OF SYRACUSE**

By: _Brian L. Roulin_
Brian L. Roulin
Commissioner of Finance

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

STATE OF NEW YORK　　　}
　　　　　　　　　　　　　} ss:
COUNTY OF ONONDAGA　　}

On August 2, 2006, before me, that undersigned, a Notary Public in and for said State, personally appeared Brian L. Roulin, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her capacity, and that by his/her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.



JOHN C. BLACK JR.
Notary Public, State of New York
Qualified in Onondaga County
Commission Expires May 31, 2007

_John C. Black_
Notary Public

++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++

142

ONONDAGA COUNTY CLERK'S OFFICE
M. ANN CIARPELLI - COUNTY CLERK
401 Montgomery St - Room 200
Syracuse NY 13202

Phone: 315-435-2226
Fax:   315-435-3455

Submitted by: SALT CITY

Document type: TAX LIEN CERTIFICATE

1ST PARTY:    CITY OF SYRACUSE

2ND PARTY:

Legal desc:   *SEE MISC FILED 2007 FOR ORI
              GINAL DOCUMENT

Receipt:    647846 RS

Type/Bk/Pg: MR00248746

Date filed: 11/20/2007 at 14:44
Updated:    11/21/2007

Record and return to:
  XXXXX

| RECORDING FEES | | | MISCELLANEOUS FEES | |
|---|---|---|---|---|
| # of pages: | 141 x | $        0.00 | RMI: | $ |
| # of refs: | 34 x | $ | | |
| Basic: | | $ | | |
| | | ============= | | ============= |
| | Total: | $ | Total: | $ |

TOTAL PAID:

M. ANN CIARPELLI
Onondaga County Clerk



| TAX MAP | ACCOUNT NUMBER | OWNER | ADDRESS | | TAX YEAR | TYPE | AMOUNT |
|---------|----------------|-------|---------|---|----------|------|--------|
| 079.-08-12.0 | 130310010S | SAMMONS HOLLY J & MILLER | 113 | ANNETTA ST | 2001 | S | 2,131.81 |
| 079.-08-12.0 | 130310010S | SAMMONS HOLLY J & MILLER | 113 | ANNETTA ST | 2001 | S | 2,005.79 |
| 079.-08-12.0 | 130310010S | SAMMONS HOLLY J & MILLER | 113 | ANNETTA ST | 2002 | S | 1,870.97 |
| 079.-08-12.0 | 130310010S | SAMMONS HOLLY J & MILLER | 113 | ANNETTA ST | 2002 | S | 2,290.72 |
| 079.-08-12.0 | 130310010S | SAMMONS HOLLY J & MILLER | 113 | ANNETTA ST | 2003 | S | 1,900.49 |
| 079.-08-12.0 | 130310010S | SAMMONS HOLLY J & MILLER | 113 | ANNETTA ST | 2004 | S | 2,199.59 |
| 079.-08-12.0 | 130310010S | SAMMONS HOLLY J & MILLER | 113 | ANNETTA ST | 2004 | S | 1,731.29 |
| 079.-08-12.0 | 130310010S | SAMMONS HOLLY J & MILLER | 113 | ANNETTA ST | 2005 | S | 1,961.78 |
| 079.-08-12.0 | 130310010S | SAMMONS HOLLY J | 113 | ANNETTA ST | 2005 | S | 1,728.37 |
| 079.-08-26.0 | 131610260O | PERRY L GERALDINE | 144 | CHARMOUTH DR | 2005 | S | 507.39 |
| 079.-08-26.0 | 131610260O | PERRY L GERALDINE | 144 | CHARMOUTH DR | 2001 | S | 346.09 |
| 079.-08-26.0 | 131610260O | PERRY L GERALDINE | 144 | CHARMOUTH DR | 2002 | S | 405.58 |
| 079.-08-26.0 | 131610260O | PERRY L GERALDINE | 144 | CHARMOUTH DR | 2004 | S | 1,033.77 |
| 079.-09-19.0 | 133900220O | WRIGHT JR HERBERT | 306 | HILLVIEW AVE | 2004 | S | 496.86 |
| 079.-09-19.0 | 133900220O | WRIGHT JR HERBERT | 306 | HILLVIEW AVE | 2005 | S | 1,207.21 |
| 079.-09-19.0 | 133900220O | WRIGHT JR HERBERT | 306 | HILLVIEW AVE | 2005 | S | 1,806.18 |
| 079.-09-21.0 | 133900240O | CAMPBELL HUGH | 314 | HILLVIEW AVE | 2005 | S | 1,389.88 |
| 079.-09-21.0 | 133900240O | CAMPBELL HUGH | 314 | HILLVIEW AVE | 2005 | S | 1,956.47 |
| 079.-09-25.0 | 133900280O | STEVENS PATRICIA A | 330 | HILLVIEW AVE | 2005 | S | 1,559.63 |
| 079.-09-25.0 | 133900280O | STEVENS PATRICIA A | 330 | HILLVIEW AVE | 2004 | S | 1,915.39 |
| 079.-09-25.0 | 133900280O | STEVENS PATRICIA A | 330 | HILLVIEW AVE | 2005 | S | 1,159.08 |
| 079.-09-25.0 | 133900280O | STEVENS PATRICIA A | 330 | HILLVIEW AVE | 2005 | S | 1,938.56 |
| 079.-09-25.0 | 133900280O | STEVENS PATRICIA A | 330 | HILLVIEW AVE | 2001 | S | 3,855.02 |
| 079.-09-25.0 | 133900280O | STEVENS PATRICIA A | 330 | HILLVIEW AVE | 2002 | S | 1,584.25 |
| 079.-09-25.0 | 133900280O | STEVENS PATRICIA A | 330 | HILLVIEW AVE | 2002 | S | 2,297.99 |
| 079.-09-25.0 | 133900280O | STEVENS PATRICIA A | 330 | HILLVIEW AVE | 2003 | S | 1,097.73 |
| 079.-09-25.0 | 133900280O | STEVENS PATRICIA A | 330 | HILLVIEW AVE | 2004 | S | 1,750.61 |
| 079.-09-31.0 | 133900340O | MENDEZ AMELIA A | 354 | HILLVIEW AVE | 2003 | S | 1,306.86 |
| 079.-09-31.0 | 133900340O | MENDEZ AMELIA A | 354 | HILLVIEW AVE | 2003 | S | 1,352.58 |
| 079.-09-31.0 | 133900340O | MENDEZ AMELIA A | 354 | HILLVIEW AVE | 2004 | S | 1,450.16 |
| 079.-09-31.0 | 133900340O | MENDEZ AMELIA A | 354 | HILLVIEW AVE | 2004 | S | 1,233.37 |
| 079.-09-31.0 | 133900340O | MENDEZ AMELIA A | 354 | HILLVIEW AVE | 2005 | S | 1,287.46 |
| 079.-09-31.0 | 133900340O | MENDEZ AMELIA A | 354 | HILLVIEW AVE | 2005 | S | 1,229.55 |
| 079.-10-21.0 | 133220320O | SANTOS GABRIEL | 210-12 | GLENWOOD AVE | 2005 | S | 2,122.23 |
| 079.-10-21.0 | 133220320O | SANTOS GABRIEL | 210-12 | GLENWOOD AVE | 2005 | S | 3,326.95 |
| 079.-11-02.0 | 131810570O | HAMILTON SEAN & JASPER | 1519-21 | COLVIN ST W | 2005 | S | 1,159.27 |
| 079.-11-02.0 | 131810570O | HAMILTON SEAN & JASPER | 1519-21 | COLVIN ST W | 2001 | S | 335.14 |
| 079.-11-02.0 | 131810570O | HAMILTON SEAN & JASPER | 1519-21 | COLVIN ST W | 2002 | S | 1,416.10 |
| 079.-11-02.0 | 131810570O | HAMILTON SEAN & JASPER | 1519-21 | COLVIN ST W | 2003 | S | 1,821.09 |
| 079.-11-02.0 | 131810570O | HAMILTON SEAN & JASPER | 1519-21 | COLVIN ST W | 2003 | S | 1,997.75 |
| 079.-11-02.0 | 131810570O | HAMILTON SEAN & JASPER | 1519-21 | COLVIN ST W | 2005 | S | 2,030.89 |
| 079.-11-02.0 | 131810570O | HAMILTON SEAN & JASPER | 1519-21 | COLVIN ST W | 2004 | S | 1,750.94 |
| 079.-12-03.0 | 131810500O | KELLEY BRIAN | 1423 | COLVIN ST W | 2004 | S | 3,657.72 |
| 079.-12-03.0 | 131810500O | KELLEY BRIAN | 1423 | COLVIN ST W | 2004 | S | 1,081.26 |
| 079.-12-03.0 | 131810500O | KELLEY BRIAN | 1423 | COLVIN ST W | 2005 | S | 338.05 |
| 079.-12-03.0 | 131810500O | KELLEY BRIAN | 1423 | COLVIN ST W | 2005 | S | 866.50 |
| 079.-12-09.0 | 135730080O | WILLEY LAURIE | 102 | MAY AVE | 2005 | S | 678.54 |
| 079.-12-09.0 | 135730080O | WILLEY LAURIE | 102 | MAY AVE | 2004 | S | 1,416.08 |
| 079.-12-09.0 | 135730080O | WILLEY LAURIE | 102 | MAY AVE | 2005 | S | 316.36 |
| 079.-12-10.0 | 135730090O | LORMAND PATRICK | 104 | MAY AVE | 1999 | S | 780.86 |

ONONDAGA COUNTY CLERK'S OFFICE
M. ANN CIARPELLI - COUNTY CLERK
401 Montgomery St - Room 200
Syracuse NY 13202

Phone: 315-435-2226
Fax:   315-435-3455

Submitted by: SALT CITY

Document type: TAX LIEN CERTIFICATE

1ST PARTY:   AMERICAN TAX FUNDING LLC
             WELLS FARGO FOOTHILL CORP

2ND PARTY:   CITY OF SYRACUSE

Legal desc:

Receipt:   692687 RS

Type/Bk/Pg: MR00252698

Date filed: 06/11/2008 at 14:40
Updated:    06/12/2008

Record and return to:
PHILLIPS LYTLE HITCHCOCK &
BLAINE & HUBER
1400 FIRST FEDERAL PLAZA
ROCHESTER NY   14614

RECORDING FEES

# of pages:  64 x 3.00  $      192.00
# of refs:      x       $
Basic:                  $        8.00
                        ==============
          Total:  $      200.00

MISCELLANEOUS FEES

RMI:          $         20.00

                ==============
     Total:  $         20.00

TOTAL PAID:          $220.00



MR00252698

M. ANN CIARPELLI
Onondaga County Clerk

**CITY OF SYRACUSE**
**STATE OF NEW YORK**
**TAX LIEN CERTIFICATE**
**January 31, 2008**

**THIS CERTIFICATE**, made as of January 31, 2008, from City of Syracuse, a municipality existing under the laws of the State of New York (the "Seller") having an address at City Hall, Syracuse, NY 13202, to American Tax Funding, LLC, Wells Fargo Foothill Corp as Secured Party, a Florida Limited Liability Company, having an address at 345 Jupiter Lakes Blvd., Suite 300, Jupiter, FL 33458,.

**THAT THE SELLER**, in consideration of TEN DOLLARS ($10.00), lawful money of the United States, paid in hand by the Buyer, and other good and valuable consideration, receipt of which is hereby acknowledged, in accordance with the applicable sections of the City of Syracuse Tax and Assessment Act, **DOES HEREBY SELL, TRANSFER, ASSIGN, CONVEY, GRANT AND RELEASE** unto the Buyer and its successors and assigns **ALL RIGHT, TITLE AND INTEREST** in and to certain liens or encumbrances on real property arising from an unpaid tax, special ad valorem levy, special assessment or other charge imposed upon certain real property that, prior to January 31, 2008 (the "Sale Date"), became a lien or encumbrance on those certain parcels of real property (each, a "Property") located in the jurisdiction of the Seller and listed on Schedule A hereto, plus all interest, penalties, charges and surcharges imposed pursuant to law prior to the Sale Date (all such amounts with respect to a Property, collectively, a "Tax Lien") in the total amount (the "Tax Lien Principal Balance") set forth with respect to each Property on Schedule A hereto, plus interest accruing thereon from the Sale Date at the rate of one percent (1%) for each month or fraction thereof: provided, however, that in the case of Properties as to which the owners thereof were subject to bankruptcy proceedings on the Sale Date, interest shall accrue as permitted by applicable bankruptcy law. The Tax Lien Principal Balance and all accrued interest thereon shall be payable directly to the Buyer or its designee.

**TO HAVE AND TO HOLD** the premises herein granted unto the Buyer and its successors and assigns forever.

**NOTICES**, legal process or other papers relating to any of the Tax Liens must be personally served on the Buyer at its respective addresses set forth above.

**IN WITNESS WHEREOF**, the Seller has duly executed this Certificate as of the day and year first above written.

Record & return to:
Phillips Lytle LLP
1400 First Federal Plaza
Rochester NY 14614
Attn: RMB

Approved as to form:

_John C Black Jr_
Authorized Signature

**CITY OF SYRACUSE**

By: _[signature]_

David DelVecchio
Commissioner of Finance

***********************************************

STATE OF NEW YORK        }
                         } ss:
COUNTY OF ONONDAGA       }

On January 31, 2008, before me, that undersigned, a Notary Public in and for said State, personally appeared David DelVecchio personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her capacity, and that by his/her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_John C Black Jr_
Notary Public

+++++++++++++++++++++++++++++++++++++++++++++++

JOHN C. BLACK JR.
Notary Public, State of New York
No. 4695464
Qualified in Onondaga County
Commission Expires May 31, 20 11

| | | Address | Owner | Year | Amount |
|---|---|---|---|---|---|
| 1309004600 | 078.-15-15.0 | 422 BISHOP AVE | CRUZ ALICE A J | 2006 COUNTY | $1,211.03 |
| 1311100300 | 078.-14-10.0 | 607 BRIGHTON AVE W | BOYD KENNETH & | 2006 COUNTY | $1,234.84 |
| 1311100800 | 078.-14-05.0 | 621 BRIGHTON AVE W | MOORE OLIVIA | 2006 COUNTY | $1,112.57 |
| 1311103900 | 078.-16-14.0 | 710 BRIGHTON AVE W | ABERDEEN ALLEN | 2006 COUNTY | $1,248.39 |
| 1312203000 | 066.-04-17.0 | 201 BROOKLEA PL | GRIFFIN TRENIA | 2006 COUNTY | $778.36 |
| 1316102600 | 079.-08-26.0 | 144 CHARMOUTH DR | PERRY L GERALDINE | 2006 COUNTY | $722.37 |
| 1317101100 | 079.-12-33.0 | 155 CLYDE AVE | BARBER JOSEPH M SR | 2006 COUNTY | $1,243.31 |
| 1318101200 | 083.-11-25.0 | 1004 COLVIN ST W | SHAW NATHANIEL & CYNTHIA | 2006 COUNTY | $1,129.52 |
| 1318104102 | 079.-13-04.0 | 1325 COLVIN ST W | BROWNE KENNETH & YOLANDA | 2006 COUNTY | $1,112.57 |
| 1318106000 | 079.-12-03.0 | 1423 COLVIN ST W | KELLEY BRIAN | 2006 COUNTY | $1,076.57 |
| 1318108100 | 079.-02-03.0 | 1803 COLVIN ST W & ARLINGTON A | FLANAGAN DENISE L | 2006 COUNTY | $1,389.33 |
| 1326401200 | 073.-17-26.0 | 215 EMPIRE AVE | MONTGOMERY THEODORE | 2006 COUNTY | $1,214.39 |
| 1328201200 | 073.-16-04.0 | 212 EVALEEN AVE | HAWK JULIE S | 2006 COUNTY | $1,328.17 |
| 1332201300 | 079.-22-37.0 | 205-07 GLENWOOD AVE | ORTIZ ALEXANDER | 2006 COUNTY | $1,896.82 |
| 1332201500 | 079.-22-36.0 | 219 GLENWOOD AVE | HEIM MICHAEL J | 2006 COUNTY | $357.48 |
| 1332203200 | 079.-10-21.0 | 210-12 GLENWOOD AVE | SANTOS GABRIEL | 2006 COUNTY | $2,321.36 |
| 1332205600 | 079.-06-11.0 | 308 GLENWOOD AVE | MADERO MARIE PILAR | 2006 COUNTY | $1,588.03 |
| 1335100300 | 075.-20-08.0 | 189 GRIFFIN ST | ASH ANDRE D & CYNTHIA E | 2006 COUNTY | $1,350.29 |
| 1339006000 | 079.-10-15.0 | 309 HILLVIEW AVE | GREEN LAKES ASSOC LLC | 2006 COUNTY | $930.16 |
| 1339002200 | 079.-09-19.0 | 306 HILLVIEW AVE | WRIGHT JR HERBERT | 2006 COUNTY | $1,333.30 |
| 1339002400 | 079.-09-21.0 | 314 HILLVIEW AVE | CAMPBELL HUGH | 2006 COUNTY | $1,545.15 |
| 1339003400 | 079.-09-31.0 | 354 HILLVIEW AVE | MENDEZ AMELIA A | 2006 COUNTY | $1,418.21 |
| 1342000400 | 078.-03-10.0 | 208 HUNT AVE | LEE MARY A | 2006 COUNTY | $1,110.80 |
| 1342001700 | 079.-20-28.0 | 120 HUTCHINSON AVE & EDGEWOOD | DALTON WILLIAM R DR & | 2003 COUNTY | $456.42 |
| 1342017200 | 079.-20-28.0 | 120 HUTCHINSON AVE & EDGEWOOD | DALTON WILLIAM R DR & | 2006 COUNTY | $1,358.78 |
| 1347101900 | 075.-12-14.0 | 140-42 KENMORE AVE | MURPHY BRIAN A | 2006 COUNTY | $1,375.33 |
| 1347104000 | 075.-12-22.0 | 208-10 KENMORE AVE | MURPHY BRIAN A | 2006 COUNTY | $1,290.48 |
| 1347104100 | 075.-12-23.0 | 212-14 KENMORE AVE | MURPHY BRIAN A | 2006 COUNTY | $1,156.29 |
| 1347104801 | 075.-12-29.0 | 238 KENMORE AVE | BLUE OTIS E | 2006 COUNTY | $1,061.62 |
| 1350001700 | 075.-06-07.0 | 429 LAFAYETTE AVE W | MERRICK HERBERT | 2006 COUNTY | $959.71 |
| 1350004900 | 075.-01-08.0 | 927 LAFAYETTE AVE W | SMITH ARAJEAN | 2006 COUNTY | $1,180.43 |
| 1350005700 | 075.-01-01.0 | 955 LAFAYETTE AVE W | SEABROOK HOWARD B | 2005 COUNTY | $902.77 |
| 1350005700 | 075.-01-01.0 | 955 LAFAYETTE AVE W | SEABROOK HOWARD B | 2006 COUNTY | $1,112.57 |
| 1350006400 | 078.-15-24.0 | 940 LAFAYETTE AVE W | 425 WOLF ST CORP | 2006 COUNTY | $1,205.51 |
| 1353003200 | 073.-18-18.0 | 301-03 LOOMIS AVE | KENNEY DOROTHY W/LU & | 2006 COUNTY | $1,375.33 |
| 1354000300 | 074.-06-15.0 | 114 LYNCH AVE & EDGEWOOD AVE | OPER MARY & JOAN | 2005 COUNTY | $408.03 |
| 1354000300 | 074.-06-15.0 | 114 LYNCH AVE & EDGEWOOD AVE | OPER MARY & JOAN | 2006 COUNTY | $1,348.58 |

| Parcel ID | Address | Name | Year | | Amount |
|---|---|---|---|---|---|
| 1219003200 | 086.-12-04.0 | 545 CORTLAND AVE | GREEN CHRISTINE | 2006 CITY | $666.14 |
| 1222001000 | 086.-14-03.0 | 110 DEARBORN PL | DESHAZIOR EMMA | 2006 CITY | $611.66 |
| 1231001200 | 082.-08-52.0 | 2103 GEDDES ST S & TWIN HILLS | ALLEN PHILIP H JR & | 2006 CITY | $3,318.17 |
| 1242001400 | 087.-13-20.0 | 433 HUBBELL AVE | MULHERIN RICHARD M | 2006 CITY | $638.03 |
| 1242104400 | 086.-05-19.0 | 253-55 HUDSON ST | GREEN LAKE ASSOC LLC | 2005 CITY | $386.22 |
| 1242104400 | 086.-05-19.0 | 253-55 HUDSON ST | GREEN LAKE ASSOC LLC | 2006 CITY | $1,021.91 |
| 1267007100 | 083.-08-24.0 | 705 ONONDAGA AVE & CENTENNIAL | CENTENNIAL GARDEN LLC | 2006 CITY | $14,189.10 |
| 1267008100 | 083.-08-17.0 | 817 ONONDAGA AVE | ANDERSON JOHN | 2006 CITY | $1,383.43 |
| 1267010100 | 083.-13-21.0 | 916 ONONDAGA AVE | HOFFMAN CHARLOTTE M & | 2006 CITY | $1,299.08 |
| 1268005300 | 086.-23-30.0 | 301-03 PALMER AVE & STERLING AVE | HOLLOWAY LENA | 2006 CITY | $1,766.25 |
| 1268006800 | 086.-24-03.0 | 304-06 PALMER AVE | WHEAT SHA SHA | 2006 CITY | $1,452.89 |
| 1276000300 | 093.-11-38.0 | 205 RICH ST | LAMEY LINCOLN L | 2006 CITY | $234.95 |
| 1277000800 | 087.-16-21.0 | 411 ROBERTS AVE | CNY RENT TO OWN LLC | 2006 CITY | $1,544.91 |
| 1285004600 | 066.-06-34.0 | 661-63 SOUTH AVE | A-BUILDERS LLC | 2006 CITY | $1,459.18 |
| 1285006600 | 086.-05-15.0 | 686 SOUTH AVE & STERLING AVE | BLUNT DENISE & CARRIE & | 2006 CITY | $2,954.18 |
| 1306000701 | 073.-28-02.0 | 114 BARNES AVE & PALMER LANE | CARTER PETER D & KATHLEEN | 2006 CITY | $354.02 |
| 1309004600 | 078.-15-15.0 | 422 BISHOP AVE | CRUZ ALICE A J | 2006 CITY | $2,075.54 |
| 1311100800 | 078.-14-05.0 | 821 BRIGHTON AVE W | MOORE OLIVIA | 2006 CITY | $757.65 |
| 1311101900 | 078.-13-19.0 | 816 BRIGHTON AVE W | WILLIAMS FRANK H & WENDY | 2006 CITY | $572.88 |
| 1311103900 | 078.-16-14.0 | 710 BRIGHTON AVE W | ABERDEEN ALLEN | 2006 CITY | $839.50 |
| 1312203000 | 066.-04-17.0 | 201 BROOKLEA PL | GRIFFIN TRENIA | 2006 CITY | $325.83 |
| 1316102600 | 079.-08-26.0 | 144 CHARMOUTH DR | PERRY L GERALDINE | 2006 CITY | $624.28 |
| 1317101100 | 079.-12-33.0 | 155 CLYDE AVE | BARBER JOSEPH M SR | 2006 CITY | $824.83 |
| 1318104102 | 079.-13-04.0 | 1325 COLVIN ST W | BROWNE KENNETH & YOLANDA | 2006 CITY | $1,369.71 |
| 1318105000 | 079.-12-03.0 | 1423 COLVIN ST W | KELLEY BRIAN | 2006 CITY | $872.64 |
| 1318108100 | 079.-02-03.0 | 1803 COLVIN ST W & ARLINGTON A | FLANAGAN DENISE L | 2006 CITY | $1,314.70 |
| 1328049200 | 073.-16-04.0 | 212 EVALEEN AVE | HAWK JULIE S | 2006 CITY | $588.27 |
| 1332002600 | 073.-17-15.0 | 256 GIRARD AVE | COLLINS EDWARD J & | 2006 CITY | $1,258.79 |
| 1332201300 | 079.-22-37.0 | 205-07 GLENWOOD AVE | ORTIZ ALEXANDER | 2006 CITY | $2,376.43 |
| 1332203200 | 079.-10-21.0 | 210-12 GLENWOOD AVE | SANTOS GABRIEL | 2006 CITY | $3,601.22 |
| 1332205600 | 079.-06-11.0 | 308 GLENWOOD AVE | MADERO MARIE PILAR | 2006 CITY | $2,246.26 |
| 1335100300 | 075.-20-08.0 | 169 GRIFFIN ST | ASH ANDRE D & CYNTHIA E | 2006 CITY | $1,923.11 |
| 1339000600 | 079.-10-15.0 | 309 HILLVIEW AVE | GREEN LAKES ASSOC LLC | 2006 CITY | $446.43 |
| 1339002200 | 079.-09-19.0 | 306 HILLVIEW AVE | WRIGHT JR HERBERT | 2006 CITY | $1,914.14 |
| 1339002400 | 079.-09-21.0 | 314 HILLVIEW AVE | CAMPBELL HUGH | 2006 CITY | $1,836.07 |
| 1339003400 | 079.-09-31.0 | 354 HILLVIEW AVE | MENDEZ AMELIA A | 2006 CITY | $1,313.94 |
| 1342000400 | 078.-03-10.0 | 208 HUNT AVE | LEE MARY A | 2006 CITY | $1,327.75 |