UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

BENJAMIN H. BUNTING, NICOLE M. DORCH,
BRIAN KELLEY, on behalf of themselves and all
others similarly situated,

                      **Plaintiffs,**

                                  Case No. 5:11-CV-123 (TJM)(DEP)

    vs.

PHILLIPS LYTLE LLP; AMERICAN TAX
FUNDING, LLC; BMO CAPITAL MARKETS
CORP. (f/k/a HARRIS NESBITT CORP.);
WELLS FARGO FOOTHILL, INC.,

                      **Defendants.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**


# DECISION & ORDER

## I.    INTRODUCTION

Plaintiff commenced this class action asserting claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA") and New York's General Business Law § 349. Defendants have moved pursuant to Fed. R. Civ. 12(b)(6) to dismiss the action. Plaintiffs have opposed the motion. For the reasons that follow, the motion is granted.

## II.    BACKGROUND

Plaintiffs assert that Defendants American Tax Funding, LLC, BMO Capital Markets Corp., and Wells Fargo Foothill, Inc., are in the business of purchasing Tax Lien

1

Certificates from municipalities, including from the City of Syracuse. Upon obtaining the Tax Lien Certificates, Defendants hire law firms for the purposes of foreclosing on the subject properties. One such law firm, and the subject of the instant action, is Phillips Lytle LLP.

The named-Plaintiffs in the action[1] received summonses and complaints from Phillips Lytle indicating that foreclosure lawsuits had been commenced relative to properties in which the named-plaintiffs held a right, title, or interest. The summonses notified the Plaintiffs that they had thirty (30) days from the date of service of the summons to "answer the Complaint in this action, and to serve a copy of your Answer . . . on plaintiff's attorney." The summonses further provided:

**NOTICE**

**YOU ARE IN DANGER OF LOSING YOUR HOME**

**If you do not respond to this summons and complaint by serving a copy of the answer on the attorney for the company who filed this foreclosure proceeding against you and filing the answer with the court, a default judgment may be entered and you can lose your home.**

**Speak to an attorney or go to the court where your case is pending for further information on how to answer the summons and protect your property.**

**Sending a payment will not stop this foreclosure.**

**YOU MUST RESPOND BY SERVING A COPY OF THE ANSWER ON THE ATTORNEY FOR THE PLAINTIFF AND FILING THE ANSWER WITH THE COURT.**

Also attached to the summonses and complaints were standard form "Help for Homeowners in Foreclosure" notices, advising the recipients that they were in danger of

---

[1]There has not yet been class certification in the case.

2

losing their home; advising that they should contact an attorney or the local legal aid office; providing a telephone number (toll-free help-line) and internet website address maintained by the New York State Banking Department where the recipient could obtain sources of information and assistance; and warning of foreclosure rescue scams.

Further, attached to the summonses and complaints were Fair Debt Collection Practices Act ("FDCPA") Notices.  These FDCPA Notices provided, *inter alia*, that

> THE PLAINTIFF AS NAMED IN THE ATTACHED COMPLAINT IS THE CREDITOR TO WHOM THE DEBT IS OWED.
>
> THE DEBT DESCRIBED IN THE COMPLAINT ATTACHED HERETO WILL BE ASSUMED TO BE VALID BY THE CREDITOR'S LAW FIRM, UNLESS THE DEBTOR, WITHIN THIRTY (30) DAYS AFTER THE RECEIPT OF THIS NOTICE, DISPUTES THE VALIDITY OF THE DEBT OR SOME PORTION THEREOF.
>
> IF THE DEBTOR NOTIFIES THE CREDITOR'S LAW FIRM IN WRITING WITHIN THIRTY (30) DAYS OF THE RECEIPT OF THIS NOTICE THAT THE DEBT OR ANY PORTION THEREOF IS DISPUTED, THE CREDITOR'S LAW FIRM WILL OBTAIN A VERIFICATION OF THE DEBT AND A COPY OF THE VERIFICATION WILL BE MAILED TO THE DEBTOR BY THE CREDITOR'S LAW FIRM.
>
> IF THE CREDITOR NAMED AS PLAINTIFF IN THE ATTACHED COMPLAINT IS NOT THE ORIGINAL CREDITOR, AND IF THE DEBTOR MAKES A WRITTEN REQUEST TO THE CREDITOR'S LAW FIRM WITHIN THE THIRTY (30) DAYS FROM THE RECEIPT OF THIS NOTICE, THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR WILL BE MAILED TO THE DEBTOR BY THE CREDITOR'S LAW FIRM.
>
> WE ARE ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.
>
> THIS ADVICE PERTAINS TO YOUR DEALINGS WITH US AS A DEBT COLLECTOR.  IT DOES NOT AFFECT YOUR DEALINGS WITH THE COURT, AND IN PARTICULAR IT DOES NOT CHANGE THE TIME AT WHICH YOU MUST ANSWER THE COMPLAINT.  THE SUMMONS IS A COMMAND FROM THE COURT, NOT FROM US, AND YOU MUST FOLLOW ITS INSTRUCTIONS EVEN IF YOU DISPUTE THE VALIDITY OR AMOUNT OF THE DEBT. THE ADVICE IN THIS NOTICE ALSO DOES

NOT AFFECT OUR RELATIONS WITH THE COURT. AS LAWYERS, WE MAY FILE PAPERS IN THE SUIT ACCORDING TO THE COURT'S RULES AND THE JUDGE'S INSTRUCTIONS.

Plaintiffs assert that "[c]ontrary to the summons[es], a defendant personally served would only have 20 days to answer the summons and complaint, not 30 days." Compl. ¶ 25 (citing New York Civil Practice Law & Rules ("CPLR") § 320(a)).  The Complaint does not allege that any Plaintiff was aware of CPLR § 320(a)'s time limitation, or that any adverse action was taken against any Plaintiff before the thirty (30) day period stated in the summonses expired.  Rather, the Complaint alleges that "[u]pon reading the summons[es] and complaint[s] and then the [FDCPA] Notice[s], class plaintiffs become confused as to what they should do, as well as anxious, upset, and embarrassed." Compl. ¶ 27; see also Compl. ¶¶ 31, 36, 40. The Complaint further alleges that, as a result of the confusion, anxiousness, upset and embarrassment caused by reading the summonses, complaints, and FDCPA Notices, "Mr. Bunting had to seek legal representation to defend himself from this foreclosure action," Compl. ¶ 32; Ms. Dorch unsuccessfully attempted to work out a payment plan (see Compl. ¶¶ 37-39[2]) thereby requiring Ms. Dorch "to seek legal representation to defend herself from this foreclosure action," Compl. ¶¶ 37-40; and "Mr. Kelley had to seek legal representation to defend himself from this foreclosure action." Compl. ¶ 45.

Plaintiffs assert that:

(1) Defendants' act of serving a summons and complaint together with a FDCPA

---

[2](Ms. Dorch was told that because the amount owed was less than $5,000 American Tax Funding would not enter a payment plan, and she was told by a representative of Phillips Lylte "that it would probably be advisable to consult an attorney to prepare and file an answer.")

4

Notice violates the FDCPA because, when read together, they "mislead, unfairly and unconscionably confuse, and deceive the consumer as to his or her rights, and overshadows [*sic*] their rights to validation," in violation of the FDCPA. Compl. ¶¶ 47(c), 46-47 (Count 1);

(2) "Defendants' act of stating in the summons that plaintiffs had 30 days to answer the complaint, when the law in New York State only provides 20 days to answer a complaint where personal service is effected, is false, deceptive, misleading and unfair," in violation of the FDCPA. Compl. ¶ 49 (Count 2);

(3) That the purchase of a Tax Lien Certificate creates a claim against the subject *res* but which extinguishes personal liability on the part of the property owner, so the "Defendants' act of mischaracterizing the subject tax liens as consumer debts by virtue of the issuance of the FDCPA Notice together with the summons and complaint is false, deceptive, misleading and unfair" in violation of the FDCPA. Compl. ¶ 52 (Count 3);

and

(4) That, by the same conduct, Defendants' actions violated New York's Deceptive Practices Act contained at New York General Business Law §349. Compl. ¶¶ 53-59 (Count 4).

### III.   STANDARD OF REVIEW

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007)(quoting Conley v. Gibson, 355 U.S. 41, 47, 78

S. Ct. 99 (1957)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1964-65. "Factual allegations must be enough to raise a right to relief above the speculative level. . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 1965. "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" Id. at 1965 (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)(quoting Twombly, 550 U.S. at 570). A complaint does not suffice "if it tenders naked assertions devoid of further factual enhancement." Ashcroft, 129 S. Ct. at 1949. Legal conclusions must be supported by factual allegations. Iqbal, at 1950. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1949. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (quoting Twombly, 550 U.S. 557) (internal quotations omitted).

## IV.   DISCUSSION

### a.   FDCPA Claims

The Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA") addresses conduct related to debt collectors' actions in attempting to collect debts arising from consumer transactions. See 15 U.S.C. § 1692a(5);[3] Beggs v. Rossi, 145 F.3d 511, 512 (2d Cir. 2010); Turner v. Cook, 362 F.3d 1219, 1226-27 (9th Cir. 2004); Staub v. Harris, 626 F.2d 275, 278 (3d Cir. 1980); Sun v. Rickenbacker Collection, 2011 WL 704437, at *2  (N.D.Cal. Feb. 18, 2011); see also Shmerkocvich v. RMC Consulting Group LLC, 2011 WL 887871, at *4 (E.D.N.Y. Jan. 31,  2011).[4]  The claims in this case relate solely to foreclosure actions brought in New York State Supreme Court against Plaintiffs to enforce real property tax liens.

"[I]n Beggs v. Rossi, 145 F.3d 511, the Second Circuit found that personal property taxes are not debts within the meaning of the FDCPA.  Relying in part on the Third Circuit's analysis in Staub, the Court found that, in the context of property taxes, '[t]here is simply no 'transaction' . . . of the kind contemplated by the statute.'" Orenbuch v. Leopold, Gross & Sommers, P.C., 586 F. Supp.2d 105, 107 (E.D.N.Y. 2008).  In reaching this conclusion, the Second Circuit agreed with the Third Circuit that "'[t]he relationship

---

[3] The FDCPA defines a "debt" as:

> [A]ny obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

15 U.S.C. § 1692a(5).

[4] (The threshold inquiry on a FDCPA claim is whether the alleged conduct was used in an attempt to collect a "debt" encompassed by the FDCPA.)

between taxpayer and taxing authority does not encompass that type of *pro tanto* exchange which the [FDCPA's debt] definition envisages.'" Beggs, 145 F.3d at 512 (quoting Staub, 626 F.2d at 278 (3d Cir. 1980)).

Moreover, there is no dispute that property owners are not personally liable to pay the real property tax liens at issue in the foreclosure actions because the personal liability of the property owners was extinguished by the purchase of the tax liens. City of Buffalo v. Cargill, Inc., 55 A.D.2d 61, 65, 389 N.Y.S.2d 932, 936 (4th Dep't 1976), aff'd 44 N.Y.2d 7, 403 N.Y.S.2d 473 (1978). Indeed, the Complaint cites City of Buffalo v. Cargill, Inc. for this legal proposition. See Compl. ¶ 51.[5] Thus, although the foreclosure actions name the property owners as the primary defendants, the actions are *in rem* in that they are brought against the real property for which the plaintiffs have not paid property taxes. Accordingly, the underlying debts in issue in this case do not fall within the FDCPA's definition of a debt because they are not "obligation[s] or alleged obligation[s] of [] consumer[s]." 15 U.S.C. § 1692a(5). The actions of Phillips Lytle in including FDCPA Notices with the summonses and complaints did not transform the underlying debts into protected consumer debts. See Slenk v. Transworld Sys., Inc., 236 F.3d 1072 (9th Cir. 2001);[6] Utility Metal Research, Inc. v. Coleman, 2008 WL 850456, *6 (E.D.N.Y. Mar. 28, 2008);[7] Shafe v. Tek-Collect,

---

[5] ("Courts in New York have routinely held that once a Tax Lien Certificate is purchased by a municipality, the property owner is no longer personally liable for the unpaid taxes that are the subject thereof. See City of Buffalo vs. Cargill Incorporated, 55 A.D.2d 61; 389 N.Y.S.2d 932 (4th Dept., 1976).")

[6] (holding that non-consumer debt is not transformed into consumer debt by actions of debt collector)

[7] (holding that debt collection efforts did not convert plaintiff's debt into "consumer debt" under the FDCPA)

8

Inc., 2007 WL 4365726, *2 (W.D. Mo. Dec. 10, 2007);[8] Dean v. Gillette, 2005 WL 1631093, *3 (D. Kan. July 11, 2005);[9] Holman v. West Valley Collection Servs., Inc., 60 F. Supp. 2d 935, 937 (D. Minn. 1999).[10]  Consequently, the FDCPA does not apply and the FDCPA claims must be dismissed.

Even assuming, *arguendo,* that the FDCPA does apply, Plaintiffs have not alleged a plausible violation of the Act. "The FDCPA is intended to prohibit abusive debt collection practices, including conduct by the debt collector intended to 'harass, oppress, or abuse any person in connection with the collection of a debt,' 15 U.S.C. § 1692d, and 'the use of false, deceptive or misleading representation or means in connection with the collection of any debt,' id. § 1692e." Shmerkocvich, 2011 WL 887871, at *4; see Utility Metal Research,, 2008 WL 850456, at *6;[11] Perk v. Worden, 475 F.Supp.2d 565, 568 (E.D. Va. 2007).[12] Although the Complaint cites the 20-day time limit of CPLR § 320(a) in which to answer a summons and/or complaint, the Complaint does not allege that any Plaintiff was aware that this statute provided a shorter time period to answer than that stated in the summonses and the FDCPA Notices, or that Defendants took any adverse action against Plaintiffs based on the CPLR 20-day time period.  Thus, there are no plausible allegations

---

[8](dismissing FDCPA cause of action and holding that the "nature of the debt did not change merely because [defendant] attempted to collect from Plaintiff")

[9](rejecting argument that debt for commercial purposes was "transformed" into "personal" debt under the FDCPA when defendant allegedly physically threatened plaintiff)

[10](dismissing FDCPA causes of action and holding that collection efforts by debt collector cannot transform commercial obligation into "consumer debt" under the FDCPA)

[11](The FDCPA prohibits deceptive and misleading practices by "debt collectors.")(citing 15 U.S.C. § 1692e)

[12]("The FDCPA was enacted by Congress for the purpose of protecting consumers from 'abusive, deceptive, and unfair' debt collection practices.")(citing 15 U.S.C. § 1692(a))

9

upon which to conclude that the Plaintiffs' confusion, anxiety, upset and embarrassment arose from the discrepancy between the 30-day time period stated in the summonses, complaints, and FDCPA Notices and the 20-day time period stated in CPLR § 320(a).

     Moreover, even if could reasonably be inferred that Plaintiffs' confusion, anxiety, upset and embarrassment was caused by this discrepancy (as opposed to the confusion, anxiety, upset and embarrassment arising because named-plaintiffs had been served with foreclosure actions for their properties), the only alleged consequences were that Plaintiffs took actions to defend against the foreclosure actions, primarily by consulting lawyers. Indeed, the Complaint alleges that Mr. Bunting and Mr. Kelly merely consulted lawyers, and that Defendants rejected Ms. Dorch's attempt to satisfy the tax obligation by way of a payment plan and advised her to consult a lawyer to defend against the foreclosure action. It is implausible on these facts to conclude that Defendants included the FDCPA Notices to harass plaintiffs, to deceive them into believing that the tax liabilities were personal debts, to coerce them to pay debts that they did not otherwise owe, or to induce Plaintiffs to act in manners contrary to their interests in the subject properties.  Thus, there are no plausible allegations from which to conclude that Defendants engaged in harassing, abusive, deceptive, or misleading practices by serving summonses with 30-day periods in which to answer and by advising Plaintiffs that they had to contest the "debt" within this same 30-day period.  This is especially so given the last paragraph of the FDCPA Notice that advised Plaintiffs:

> THIS ADVICE PERTAINS TO YOUR DEALINGS WITH US AS A DEBT COLLECTOR.  <u>IT DOES NOT AFFECT YOUR DEALINGS WITH THE COURT, AND IN PARTICULAR IT DOES NOT CHANGE THE TIME AT WHICH YOU MUST ANSWER THE COMPLAINT.  THE SUMMONS IS A COMMAND FROM THE COURT, NOT FROM US, AND YOU MUST</u>

<u>FOLLOW ITS INSTRUCTIONS EVEN IF YOU DISPUTE THE VALIDITY OR AMOUNT OF THE DEBT</u>. THE ADVICE IN THIS NOTICE ALSO DOES NOT AFFECT OUR RELATIONS WITH THE COURT. AS LAWYERS, WE MAY FILE PAPERS IN THE SUIT ACCORDING TO THE COURT'S RULES AND THE JUDGE'S INSTRUCTIONS.

(emphasis added).

The Court concludes that, to the extent the Complaint alleges actionable FDCPA claims, the claims must be dismissed for failure to state a claim upon which relief can be granted.

**b.     New York General Business Law §349 Claims**

Having dismissed the federal claims, the Court declines to exercise supplemental jurisdiction over the New York General Business Law §349 claims. 28 U.S.C. § 1367(c)(3); see Orenbuch, 586 F. Supp.2d at 108;[13] Schroer v. Emil Norsic & Son, Inc., 2007 WL 4299180, at *4 (E.D.N.Y. Dec. 5, 2007).[14]

**V.     CONCLUSION**

For the reasons stated above, Defendants' motion to dismiss [dkt. # 14] is **GRANTED**.  Plaintiffs' Fair Debt Collection Practices Act claims are **DISMISSED with prejudice**. Plaintiff's New York General Business Law §349 claims are **DISMISSED without prejudice to refiling state court.**  The Clerk of the Court is instructed to mark this case file as closed.

---

[13](declining to exercise jurisdiction over plaintiff's state law claim alleging deceptive business practices under N.Y. Gen. Bus. Law § 349 after having dismissed plaintiff's FDCPA claim)

[14](declining to exercise jurisdiction over plaintiff's state law claims after having dismissed the plaintiff's FDCPA cause of action)

11

**IT IS SO ORDERED**

DATED: June 23, 2011

*Thomas J. McAvoy*
Thomas J. McAvoy
Senior, U.S. District Judge